THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REC SOFTWARE USA, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>HTC AMERICA, INC.,<br><br>        Defendant. | No. 2:14-cv-01025-MJP<br><br>DEFENDANTS' COMMON RESPONSE TO ORDER TO SHOW CAUSE REGARDING CONSOLIDATION |

Defendants in the cases filed against Motorola, HTC, LG, ZTE and Casio America file this common response to the Court's Show Cause Order, and oppose formal consolidation of the set of pending cases filed by the same Plaintiff, REC Software USA, Inc. ("REC Software cases") because the statutory requirements for consolidation in patent cases have not been briefed or satisfied. Defendants nonetheless propose limited, common handling of preliminary procedural issues for the convenience of the Court.

**A.**  **Formal Consolidation is Premature**

The Court should not fully consolidate the REC Software cases, at least at this early stage, because there has been no showing that the statutory requirements for consolidation in patent cases have been met. Defendants may be joined in a common action "only if" (a) a claim

DEFENDANTS' COMMON RESPONSE TO
ORDER TO SHOW CAUSE REGARDING
CONSOLIDATION (No. 2:14-cv-01025-MJP) – 1

Knobbe, Martens, Olson & Bear, LLP
Fifth Avenue, Suite 3600,
Seattle, WA 98101
(Tel) (206) 405-2000

is asserted against the parties jointly, severally, or with respect to the "same transaction, occurrence, or series of transactions or occurrences" that relate to "the same accused product or process," *and* (b) questions of fact common to all defendants will arise in the action. 35 U.S.C. § 299(a).  No such showing has been made.  Moreover, asserting the same patent against different defendants is not a basis for consolidation.  35 U.S.C. § 299(b).  Therefore, defendants oppose consolidation at this time, but respectfully submit that consolidation should be revisited if and when there has been a showing that the statutory requirements of § 299(a) have been met.

**B.      Coordination of Early Procedural Deadlines is Appropriate**

Defendants acknowledge that REC Software has asserted the same patent in the REC Software cases, such that the Court may and should establish common deadlines for the early part of the cases.  For example, it would make sense for the Court to allow sufficient time for all defendants in REC Software cases to respond to their respective complaints[1], and then schedule a coordinated status conference to set common scheduling deadlines for *early* events under the Court's Local Patent Rules through the issuance of plaintiff's infringement contentions.  This will allow the parties to assess the scope of the case and any overlap before further briefing regarding consolidation.

In the meantime, several defendants are considering motions to transfer under 28 U.S.C. § 1404(a) because (a) the plaintiff is a Virginia corporation, (b) the defendants considering transfer are not Washington corporations and have no business operations, witnesses, or documents in Washington, and (c) important third party witnesses with knowledge of the accused functionalities and their documents reside in the Northern District of California.  For most defendants, there is no discernable connection between the facts of the case or the locations of relevant witnesses and documents, and this District.

---

[1]  At least five other defendants in the REC Software cases - Samsung, Pantech, Huawei, Kyocera and Sony - have no counsel of record, and have been granted various extensions to respond to the complaint until as late as October 6, 2014.

DEFENDANTS' COMMON RESPONSE TO
ORDER TO SHOW CAUSE REGARDING
CONSOLIDATION (No. 2:14-cv-01025-MJP) – 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

Defendants also request that the Court establish common deadlines only through the deadline for infringement contentions because the scope of the case and the list of asserted claims, along with the motions for transfer may require different schedules for subsequent deadlines.  The parties and the Court should assess whether and how to consolidate parts of the case again at that point, after infringement contentions define with certainty the scope of the case.

**C.      The Court Should Be Aware of a Prior Related Case in This District, and Should Allow Early Access to its Record to Facilitate a Scheduling Conference**

REC Software pursued a case in this District from 2011-2013 that involved the same patent, extensive discovery by the parties, and equally extensive investment by the court.  *See REC Software USA, Inc. v. Bamboo Solutions Corp., Microsoft Corp., and SAP America, Inc.*, Case No. 11-cv-554-JLR ("Microsoft Case").  Having access to the record in that action will facilitate Defendants' evaluation of unique scheduling and transfer issues here which may be based on the identity and location of witnesses as well as relevant defenses in the previous case. Defendants thus request that the Court's upcoming order for the parties to confer regarding an upcoming joint scheduling conference include a requirement for Plaintiff REC Software to disclose the record in the Microsoft Case in a manner protected by Patent Local Rule 111 (the default protective order).  At the least, REC Software should disclose depositions, witness lists, invalidity contentions and expert reports, and any other aspects of the record that address the identity and locations of documents and witnesses relevant to currently known defenses.  This will enable Defendants to assess and brief any motions to transfer without undue delay for venue related discovery.   In turn, this will move the parties and the Court through such preliminary motions as quickly as possible so that any consolidation beyond a deadline for infringement contentions may be evaluated in accordance with  35 U.S.C. § 299.

DEFENDANTS' COMMON RESPONSE TO
ORDER TO SHOW CAUSE REGARDING
CONSOLIDATION (No. 2:14-cv-01025-MJP) – 3

**CONCLUSION**

Defendants request that the Court not consolidate the cases at this time, and that the Court instead direct the parties to, at a point in October 2014 after all defendants in REC Software Cases have appeared, meet and confer regarding the development of a proposed schedule. Defendants do not oppose revisiting the issue of consolidation if and when there has been a showing that the statutory requirements of § 299(a) have been met.

Respectfully submitted,

DATED:  August 18, 2014

By:  */s/ Colin B. Heideman*
Colin B. Heideman, (WSBA 44,873)
1420 Fifth Avenue, Suite 3600
Seattle, WA  98101
Tel: (206)  405-2000

Attorneys for Defendant
HTC America, Inc.

DEFENDANTS' COMMON RESPONSE TO
ORDER TO SHOW CAUSE REGARDING
CONSOLIDATION (No. 2:14-cv-01025-MJP) – 4

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule LCR5(b), I certify that a true and correct copy of the foregoing was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system on August 18, 2014.

/s/  *Colin B. Heideman*

DEFENDANTS' COMMON RESPONSE TO
ORDER TO SHOW CAUSE REGARDING
CONSOLIDATION (No. 2:14-cv-01025-MJP) – 5