THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| REC SOFTWARE USA, INC., a Virginia corporation<br><br>           Plaintiff,<br><br>     v.<br><br>HTC AMERICA, INC., a Washington corporation<br>           Defendant. | Civil Action No.  2:14-CV-1025-MJP<br><br>HTC AMERICA, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS<br><br>JURY DEMAND |
| HTC AMERICA, INC., a Washington corporation<br><br>           Counter-Plaintiff,<br><br>     v.<br><br>REC SOFTWARE USA, INC., a Virginia corporation<br>           Counter-Defendant. | |

HTC AMERICA, INC.'S ANSWER TO COMPLAINT / COUNTERCLAIMS / JURY DEMAND(C14-1025MJP)

Knobbe, Martens, Olson & Bear, LLP
925 Fourth Avenue, Suite 2500 Seattle, WA 98104
(Tel) (206) 405-2000

-1-

## ANSWER

Defendant HTC America, Inc. ("HTC") hereby answers the Complaint for Patent Infringement ("Complaint") of Plaintiff REC Software USA, Inc. ("REC") with the numbered paragraphs of this Answer corresponding to the numbered paragraphs of REC's Complaint.

## JURISDICTION AND VENUE

1.   HTC admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 5,854,936 (the "'936 Patent"). HTC admits that REC has brought an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281. HTC denies the remaining allegations in Paragraph 1 of the Complaint.

## PARTIES

2.   HTC lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis denies the same.

3.   HTC admits that it is a corporation organized and existing under the laws of the state of Washington, with its principal place of business located at 13920 SE Eastgate Way, Suite 400, Bellevue, WA 98005. HTC denies the remaining allegations in Paragraph 3 of the Complaint.

## FACTS

4.   HTC admits that REC has brought an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The remaining allegations in Paragraph 4 present conclusions of law to which no responsive pleading is required.

5.   HTC admits that venue is minimally proper over HTC in this judicial district. HTC admits that its principal place of business is in Washington. HTC denies that this judicial district is the most convenient forum for this case. HTC denies the remaining allegations in Paragraph 5 of the Complaint.

6.   HTC admits that personal jurisdiction is minimally proper over HTC in this judicial district. HTC admits that its principal place of business is in Washington. HTC

denies that this judicial district is the most convenient forum for this case.  HTC denies the remaining allegations in Paragraph 6 of the Complaint.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 5,854,936

7. In response to Paragraph 7 of the Complaint, HTC hereby incorporates by reference its answers to each of the allegations set forth in Paragraphs 1 through 6 of the Complaint.

8. HTC admits that, based on the face of the patent, the '936 Patent indicates that it issued on December 29, 1998.  HTC denies the remaining allegations in Paragraph 8 of the Complaint.

9. HTC lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies the same.

10. HTC denies the allegations in Paragraph 10 of the Complaint.

11. HTC denies the allegations in Paragraph 11 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

HTC denies that REC is entitled to any relief in this action, either as requested in the Complaint or otherwise.  HTC does not infringe and has not infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '936 Patent, properly construed.  Thus, REC is not entitled to any remedy or recovery against HTC.  REC's prayer for relief should therefore be denied in its entirety and with prejudice.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, HTC asserts the following defenses.  HTC reserves the right to amend its answer as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE:  NONINFRINGEMENT

12. HTC has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '936 Patent.

/ / /

### SECOND AFFIRMATIVE DEFENSE:  INVALIDITY

13. One or more claims of the '936 Patent are invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE:  CLAIMS FOR DAMAGES BARRED

14. REC's claim to damages is barred in whole or in part by 35 U.S.C. § 286 and/or § 287.

### FOURTH AFFIRMATIVE DEFENSE:  LACHES, EQUITABLE ESTOPPEL, AND WAIVER

15. REC claims are barred in whole or in part by laches, equitable estoppel, and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE:  FAILURE TO STATE A CLAIM

16. REC fails to state a claim for which relief can be granted.

### COUNTERCLAIMS

HTC brings the following counterclaims against REC for judgment as follows:

### JURISDICTION AND VENUE

1. These counterclaims arise under the Patent Laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, based upon an actual controversy between HTC and REC.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.  This Court has personal jurisdiction over REC because REC has availed itself of this Court through the filing of its Complaint.  REC alleges that it is the owner of the United States Patent No. 5,854,936 (the "'936 Patent").

3. Venue exists and is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) as this is the Court in which REC instituted this action.

### PARTIES

4. HTC is a corporation organized under the laws of the State of Washington, with a principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue,

1  Washington 98005.

2      5.    On information and belief, REC is a Virginia corporation, with its principal
3  place of business located in Arlington, Virginia.

4  **FIRST CLAIM FOR RELIEF:  DECLARATORY JUDGMENT OF**
5  **NONINFRINGEMENT OF THE '936 PATENT**

6      6.    HTC repeats, realleges, and incorporates by reference the allegations set forth
7  in Paragraphs 1-5 of these counterclaims.

8      7.    REC has asserted in its Complaint claims of patent infringement against HTC
9  based on the '936 Patent.  HTC has denied that it has infringed or is infringing, either literally
10 or under the doctrine of equivalents, any valid and enforceable claim of the '936 Patent.  Thus
11 an immediate, real, and justiciable controversy now exists between HTC and REC with
12 respect to the '936 Patent.

13     8.    HTC has not infringed and does not infringe, either literally or under the
14 doctrine of equivalents, any valid and enforceable claim of the '936 Patent.

15     9.    HTC seeks a declaration from this Court that HTC has not infringed and does
16 not infringe, either literally or under the doctrine of equivalents any valid and enforceable
17 claim of the '936 Patent.

18 **FIRST CLAIM FOR RELIEF:  DECLARATORY JUDGMENT OF**
19 **INVALIDITY OF THE '936 PATENT**

20     10.    HTC repeats, realleges, and incorporates by reference the allegations set forth
21 in Paragraphs 1-5 of these counterclaims.

22     11.    REC has asserted in its Complaint claims of patent infringement against HTC
23 based on the '936 Patent.  HTC has denied that it has infringed or is infringing, either literally
24 or under the doctrine of equivalents, any valid and enforceable claim of the '936 Patent.  Thus
25 an immediate, real, and justiciable controversy now exists between HTC and REC with
26 respect to the '936 Patent.

27     12.    One or more claims of the '936 Patent is invalid for failure to satisfy one or
28 more of the statutory requirements of the patent laws, including without limitation 35 U.S.C.

1. §§ 101, 102, 103, and/or 112.

2. 13.    HTC seeks a declaration from this Court that the claims of the '936 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterclaimant HTC America, Inc. requests the following relief:

A.    For an order dismissing with prejudice all claims against HTC and denying all relief requested by REC;

B.    That the Court enter judgment declaring that HTC does not infringe, and has not infringed, any claims of the '936 Patent;

C.    That the Court enter judgment declaring the claims of the '936 Patent to be invalid;

D.    That the Court find this case to be an exceptional case under 35 U.S.C. § 285 and that HTC is entitled to recover its reasonable attorney fees, costs, and expenses upon prevailing in this action; and

E.    That HTC be awarded such other and further relief as the Court deems just and proper.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 12, 2014          By: */s/ Colin B. Heideman*
　　　　　　　　　　　　　　　　　　　Colin B. Heideman (WSBA 44,873)
　　　　　　　　　　　　　　　　　　　KNOBBE, MARTENS, OLSON & BEAR, LLP
　　　　　　　　　　　　　　　　　　　925 Fourth Avenue, Suite 2500
　　　　　　　　　　　　　　　　　　　Seattle, WA 98104
　　　　　　　　　　　　　　　　　　　Email: Colin.heideman@knobbe.com
　　　　　　　　　　　　　　　　　　　Attorneys for the Defendant HTC America, Inc

**DEMAND FOR JURY TRIAL**

Pursuant to Federal of Civil Procedure 38, HTC America, Inc. requests a trial by jury as to all triable issues.

                                                KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 12, 2014         By: */s/ Colin B. Heideman*
                                             Colin B. Heideman (WSBA 44,873)
                                             KNOBBE, MARTENS, OLSON & BEAR, LLP
                                             925 Fourth Avenue, Suite 2500
                                             Seattle, WA 98104
                                             Email: Colin.heideman@knobbe.com
                                             Attorneys for the Defendant HTC America, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of September, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy S. DeJong, WSBA No. 20941
STOLL STOLL BERNE LOKTING & SHLACHETER PC
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimle: (503) 227-6840
Email: tdejong@stollberne.com

Dated: September 12, 2014        By: */s/ Colin B. Heideman*
                                 Colin B. Heideman (WSBA 44,873)
                                 KNOBBE, MARTENS, OLSON & BEAR, LLP
                                 925 Fourth Avenue, Suite 2500
                                 Seattle, WA 98104
                                 Email: Colin.heideman@knobbe.com
                                 Attorneys for the Defendant HTC America, Inc.

18692495