THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| REC SOFTWARE USA, INC., a Virginia corporation,<br><br>Plaintiff,<br><br>v.<br><br>HTC AMERICA, INC., a Washington corporation,<br><br>Defendant. | Case No. 14-cv-01025-MJP<br><br>**JOINT PROPOSAL REGARDING COMMON DISCOVERY TIMELINE** |

Pursuant to the Court's Order Setting Scheduling Conference and Order to Meet and Confer ("Order"), the parties submit the following identical proposal in all current REC cases.

**A.   Discovery Timeline**

Having met and conferred regarding a mutually agreeable discovery timeline and case schedule, the parties agree to conduct common discovery in the different REC actions, and respectfully propose that the Court adopt the following schedule. The schedule is modeled after the Local Patent Rules and, while it adjusts internal deadlines, it gets the cases to claim construction within the same time envisioned by the Local Patent Rules.

**JOINT PROPOSAL REGARDING COMMON DISCOVERY TIMELINE** - (14-cv-01025-MJP)
Page - 1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

| Event | Proposed Date |
|---|---|
| Scheduling Conference | Oct. 9, 2014 |
| Infringement Contentions | Nov. 7, 2014 |
| Non-Infringement Contentions | Dec. 9, 2014 |
| Invalidity Contentions | Dec. 16, 2014 |
| Exchange of Proposed Claim Terms | Jan. 12, 2015 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | Feb. 6, 2015 |
| Joint Claim Construction and Pre-Hearing Statement | Mar. 2, 2015 |
| Close of Claim Construction Discovery | Apr. 21, 2015 |
| Opening Claim Construction Briefs | Apr. 27, 2015 |
| Responsive Claim Construction Briefs | May 12, 2015 |
| Claim Construction Hearing | On or about June 12, 2015 (at the Court's discretion) |

**B.     Disclosure of Record from Related Case**

In the Order, the Court also required the parties to meet and confer regarding the disclosure of all or parts of the record in the prior related case *REC Software USA, Inc. v. Bamboo Solutions Corporation et al.*, 2:11-cv-554-JLR (W.D. Wash.) ("the *Microsoft* case"). After meeting and conferring, the parties were unable to reach agreement on this issue. The parties' competing statements and proposals on this issue are set out below.

<u>Defendants' Justification and Proposal</u>: In the interest of judicial economy and efficiency, Defendants request that the Court set deadlines by which REC must (1) produce all relevant materials from the prior *Microsoft* case that are not subject to nonparty confidentiality restrictions, including publicly available prior art and any REC confidential materials, and (2) request permission from nonparties with confidentiality interests in the *Microsoft* case materials to produce all such confidential relevant materials from the *Microsoft* case, including invalidity contentions, expert reports, and prior art. Many of the issues that will be critical in this case, including issues relating to invalidity and claim construction, were litigated heavily and at length by the parties in *Microsoft*. Documents from the case are highly relevant here.

**JOINT PROPOSAL REGARDING COMMON DISCOVERY TIMELINE** - (14-cv-01025-MJP)
Page - 2

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

REC has made no progress toward producing this obviously relevant set of materials. The need for production of the *Microsoft* case materials was first raised months ago, when Motorola, HTC, LG, ZTE, and Casio America—defendants in co-pending cases involving REC—discussed the issue in their August 2014 responses to this Court's Order to Show Cause. *See*, *e.g.*, 2:14−cv−01025−MJP, Dkt. # 11 at 3. Defendants then directly requested these documents from REC in a joint letter dated September 26, 2014, and again during the parties' meet and confer on October 2. But REC will not agree to produce all relevant documents by any date certain and even contends that many of the relevant *Microsoft* documents are not in its possession, because REC's current counsel was not part of the *Microsoft* case and its prior counsel is apparently unwilling to provide the documents to REC or its new counsel. REC has also refused to disclose the identity of any nonparties with confidentiality interests in the relevant *Microsoft* materials. REC has told Defendants that it will only provide information and documents relating to the *Microsoft* case in response to formal discovery requests. In the spirit of cooperation, and pursuant to REC's request during the parties' October 2 meet and confer, Defendants served REC with a single interrogatory and document request relating to the *Microsoft* case documents. These discovery requests provided REC with clear guidance as to the types of *Microsoft* documents relevant in this matter and identified a few categories for prompt production that should be uncontroversial (e.g., prior art and invalidity documents that do not contain third party confidential information). No further requests should be necessary for REC to locate and produce relevant documents from the *Microsoft* case.

By hiding behind REC's previous counsel and refusing to affirmatively provide relevant documents from the *Microsoft* case except in response to particular discovery requests, REC will needlessly delay the case, prejudice Defendants' ability to prepare their invalidity contentions, and impose unnecessary costs on the parties by potentially requiring them to seek discovery that is duplicative of what can readily be gathered and produced from the *Microsoft* case. There is no reason to cause delay or extra work for the parties and the Court (e.g., by requiring amended

**JOINT PROPOSAL REGARDING COMMON DISCOVERY TIMELINE** - (14-cv-01025-MJP)
Page - 3

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

invalidity contentions or repeated nonparty subpoenas).

For this reason, Defendants respectfully request the following:

(1) REC be required at the October 9 status conference to identify all nonparties with confidentiality interests, and by October 15, 2014, to seek the permission of each to disclose all confidential materials from the *Microsoft* case to Defendants on an outside counsel eyes-only basis (*i.e.*, pursuant to the Court's default protective order in the Local Patent Rules);

(2) REC be required to complete production of all relevant materials from the *Microsoft* case no later than November 7, 2014; and

(3) to facilitate this, the Court order that any materials previously produced to REC under the protective order in the *Microsoft* case may be disclosed to REC's current counsel of record subject to the Court's default protective order in the Local Patent Rules.  This will remove one of the impediments identified by REC's current counsel to producing the Microsoft material promptly.

Plaintiff's Proposal:  Plaintiff agrees that certain aspects of the *Microsoft* case – the thorough claim construction undertaken by Judge Robart, for example – are relevant to the current proceedings, and plaintiff has repeatedly communicated its willingness to cooperate with defendants on this issue in order to allow these proceedings to advance as efficiently as reasonably possible.  To that end, plaintiff has already agreed to respond to limited specific discovery on this issue even though defendants declined to participate in a Rule 26(f) conference in connection with this joint proposal.  Plaintiff responded to defendants' vague and impossible demands that plaintiff produce "all relevant materials" from the *Microsoft* case prior to October 9, 2014, by requesting that defendants use the normal discovery procedures available to them to clearly identify the materials they seek.  Plaintiff also explained to defendants that they might better advance their sudden and urgent interest in gaining access to "all relevant materials" from the *Microsoft* case by exercising the authority granted to them under FRCP 45 to involve third parties (for example, Microsoft) whose interests are implicated by defendants' demands.

**JOINT PROPOSAL REGARDING COMMON DISCOVERY TIMELINE** - (14-cv-01025-MJP)
Page - 4

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

The parties first discussed the issue on October 2, 2014. Until plaintiff invited such discovery during that discussion, no defendant had even sought to serve any formal discovery requests with respect to any of the *Microsoft* case materials. Defendants have identified no basis for their unreasonable demands because there is none. Plaintiff is not obligated to anticipate and divine the information and documents that might be of interest to each of the defendants, and plaintiff certainly is not required to provide discovery on the expedited schedule demanded by defendants. Plaintiff has asked defendants to serve specific, formal discovery requests, as required by the Federal Rules of Civil Procedure. Among other things, the parties may disagree about what constitutes "all relevant materials," and the formal discovery process allows the parties to address these issues and resolve them.

Defendants state, falsely, that plaintiff has "refused to disclose the identity of any nonparties with confidentiality interests in the relevant *Microsoft* materials." In the October 2 conference call, defendants demanded that plaintiff identify <u>all</u> parties having <u>any</u> such interest. Plaintiff's counsel responded by explaining that he was not in possession of information that would allow him to provide such an exhaustive and definitive list and indicating that he would attempt to obtain such information from plaintiff's prior counsel as soon as reasonably possible in light of the case schedule. Plaintiff also agreed that defendants could serve an interrogatory with respect to such information, and defendants served the interrogatory later the same day, October 2, 2014.

Plaintiff's current counsel, Stoll Berne, had no involvement in the *Microsoft* case. Plaintiff was represented in that case by Dovel & Luner, LLP ("Dovel"). Defendants speculate that Dovel is "apparently unwilling to provide the documents to REC or its new counsel." That is not accurate. As explained to defendants on October 2, neither plaintiff nor its current counsel has access to all of the materials created or produced in connection with the *Microsoft* case. Indeed, because of the requirements of the protective order entered in that case, neither does Dovel. Nonetheless, to the extent that responsive relevant materials exist in the Dovel files,

**JOINT PROPOSAL REGARDING COMMON DISCOVERY TIMELINE** - (14-cv-01025-MJP)
Page - 5

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

plaintiff will be reliant upon the cooperation of Dovel and the schedule of the lawyers in that firm to obtain and produce such documents. Plaintiff agreed to cooperate with defendants to obtain and produce relevant materials in response to formal document requests, but plaintiff cannot agree to comply with a deadline that is beyond its control. Plaintiff suggested to defendants that, if they want a certain deadline for discovery of documents in the possession of Dovel, a subpoena is appropriate.

In addition, there are legal obstacles that prevent Dovel from freely transferring to Stoll Berne, and Stoll Berne from freely transferring to defendants, some of the requested materials. Some of the requested materials were sealed by the court on motions by Microsoft. Other requested information was designated by Microsoft for protection pursuant to a protective order which, in some cases, requires Dovel to treat the information on an attorneys'-eyes-only basis. Microsoft must be given an opportunity to protect its rights in this information, and neither Dovel nor plaintiff is free to disclose it. Further, defendants seek REC's own confidential information, but no protective order is in place in the present proceedings to protect such information.

Defendants claim that they will be prejudiced in preparing their invalidity contentions. But defendants' invalidity contentions would not be due for another 10 weeks under the parties' proposed schedule, which is ample time for defendants to pursue discovery of information related to the *Microsoft* case while still allowing all interested parties to protect their respective rights. However, as an additional accommodation to defendants (in addition to extending the normal deadline for providing invalidity contentions), plaintiff offered to suspend all of the initial case deadlines for 45 days to allow defendants to seek formal discovery focused on the *Microsoft* case. Defendants declined because they do not believe they are required to comply with the procedural rules for discovery.

In summary, it is plaintiff's position that defendants should seek these materials through normal discovery in compliance with the Federal Rules of Civil Procedure. The proposed case

**JOINT PROPOSAL REGARDING COMMON DISCOVERY TIMELINE** - (14-cv-01025-MJP)
Page - 6

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

schedule provides 10 weeks for defendants to complete that discovery and serve its invalidity contentions. In the alternative, the initial case deadlines should be suspended for 45 days to allow defendants to pursue this discovery.

DATED this 3rd day of October, 2014.

| STOLL STOLL BERNE LOKTING & SHLACHTER P.C. | KNOBBE MARTENS OLSON & BEAR, LLP |
|---|---|
| By: s/Timothy S. DeJong<br>**Timothy S. DeJong,** WSBA No. 20941<br>209 SW Oak Street, Suite 500<br>Portland, OR 97204<br>Telephone: (503) 227-1600<br>Email:tdejong@stollberne.com | By: s/Colin B. Heideman<br>Colin B. Heideman, WSBA No.: 44873<br>Email: colin.heideman@knobbe.com<br>925 Fourth Avenue, Suite 2500<br>Seattle, WA 98104<br>Phone: (206) 405-2000 |
| **Attorneys for Plaintiff/Counter-Defendant REC Software USA, Inc.** | Irfan A. Lateef (admitted *pro hac vice*)<br>Kendall M. Loebbaka (admitted *pro hac vice*)<br>KNOBBE MARTENS OLSON<br>& BEAR, LLP<br>2040 Main St 14th Floor<br>Irvine, CA 92614<br>Ph: 949-760-0404<br>Email: Irfan.lateef@knobbe.com<br>          Kendall.Loebbaka@knobbe.com<br><br>**Attorneys for Defendant/Counter-Plaintiff HTC America, Inc.** |

**JOINT PROPOSAL REGARDING COMMON DISCOVERY TIMELINE** - (14-cv-01025-MJP)
Page - 7

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840