THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

REC SOFTWARE USA, INC., a Virginia
corporation

      Plaintiff,

      v.

HTC AMERICA, INC., a Washington
corporation

      Defendant.

Case No. 14-cv-01025-MJP

JOINT PROPOSED TRIAL SCHEDULE

Pursuant to the Court's October 14, 2014 Minute Entry [ECF No. 21], the parties have conferred regarding a proposed case trial schedule, but were unable to reach full agreement. The parties' competing proposed trial schedules, and their positions on the same, are set out below.

A.    **Proposed Schedules**

| Event | REC's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Non-Infringement Contentions | December 16, 2014 | January 2, 2015 |
| Invalidity Contentions | December 16, 2014 | January 2, 2015 |
| Deadline for Amending the Pleadings | January 9, 2015 | January 9, 2015 |
| Status Conference | January 26, 2015 | January 26, 2015 |
| Exchange of Proposed Claim Terms | December 16, 2014 | January 22, 2015 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | December 23, 2014 (if necessary) | February 23, 2015 |
| Joint Claim Construction and Pre-Hearing Statement | January 12, 2015 (if necessary) | April 9, 2015 |

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

| Event | REC's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Claim Construction Expert Disclosures | January 12, 2015 (if necessary) | April 9, 2015 |
| Completion of Claim Construction Discovery | February 12, 2015 | May 29, 2015 |
| Status Conference | April 26, 2015 | April 26, 2015 |
| Opening Claim Construction Briefs | January 26, 2015 (if necessary) | June 3, 2015 |
| Responsive Claim Construction Briefs | February 9, 2015 (if necessary) | June 18, 2015 |
| Status Conference | July 27, 2015 | July 27, 2015 |
| Claim Construction Hearing | March 3, 2015 (if necessary) | August 2015 (or at the Court's convenience) |
| Exchange Opening Expert Witness Disclosure/Reports Under FRCP 26(a)(2) | April 3, 2015 | 30 days after Claim Construction Ruling |
| Exchange Rebuttal Expert Reports | May 4, 2015 | 30 days after Exchange of Opening Expert Reports |
| Status Conference | N/A | October 26, 2015 |
| Complete Discovery | June 12, 2015 | November 14, 2015 |
| Deadline for Dispositive Motions | July 3, 2015 | December 14, 2015 |
| Deadline for Motions in Limine | August 31, 2015 | January 11, 2016 |
| Pretrial Order | September 28, 2015 | January 25, 2016 |
| Pretrial Conference | October 12, 2015 | February 8, 2016 |
| Proposed Voir Dire/Jury Instructions | October 26, 2015 | February 29, 2016 |
| Jury trial (5 days) | November 2, 2015 | March 14, 2016 (or at the Court's convenience) |

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**B.**     <u>REC's Position</u>

The parties disagree regarding (i) the dates for defendants' invalidity and non-infringement contentions, (ii) the amount of time to be expended on claim construction, and (iii) the trial date.  The practical effect of the parties' disagreement is a four-month overall difference between the schedule proposed by plaintiff and the schedule proposed by defendants.

Plaintiff proposes a schedule that would see the claim construction process completed in three months, and plaintiff proposes a November 2015 trial date, which is nearly 17 months after these cases were filed.  Defendants propose to prolong this case even further, offering a March 2016 trial date, which is 21 months after these cases were filed.

**1.**     <u>Invalidity Contentions</u>

Local Patent Rule 121 makes invalidity contentions due not later than 30 days after service of plaintiff's infringement contentions.  Plaintiff served the infringement contentions on November 7, 2014.  Plaintiff proposes that the Court maintain the date, December 16, 2014, that was previously negotiated by the parties and agreed to by defendants, as set forth in the parties' Joint Proposal Regarding Common Discovery Timeline, filed on October 3, 2014.  The December 16 deadline represents a 7-day extension of the time period allowed by the rules.

These cases were filed in July 2014.  By December 16, defendants will have had ample time—nearly 5 months—to formulate their invalidity contentions.  Easing defendants' burden even further was the ready accessibility of the invalidity contentions asserted by Microsoft against the same patent in the prior litigation—those contentions are in the public record (Docket No. 400, Ex. 5).  Despite the "head start" provided by the invalidity contentions asserted in the *Microsoft* litigation involving the same patent, defendants propose to extend the deadline for invalidity contentions 17 days beyond the date to which they had previously agreed and 24 days beyond the deadline set forth in the Local Patent Rules.  Plaintiff believes such a delay is not warranted in these cases, which involve a single independent claim (and several claims

JOIN PROPOSED TRIAL SCHEDULE
(14-cv-01025-MJP) Page - 3

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

1   dependent on that independent claim) of a well-litigated patent and sophisticated and

2   experienced counsel and parties.

3       **2.    Non-Infringement Contentions**

4       Plaintiff proposes to also extend the time for defendants' non-infringement contentions to

5   December 16, 2014, or 7 days beyond the time allowed by LPR 121.  This is also 7 days more

6   than the date the parties previously agreed to, December 9, 2014.  Setting a common deadline for

7   both the non-infringement contentions and invalidity contentions is also consistent with the

8   Local Patent Rules, which incorporate a common deadline.

9       As noted above, these cases involve a single independent claim (and several claims

10  dependent on that independent claim) of a well-litigated patent.  By December 16, 2014,

11  defendants and their sophisticated and experienced counsel will have had ample time to

12  formulate their non-infringement contentions, particularly in light of the detailed infringement

13  contentions provided by plaintiff.

14      Defendants contend that they have been hindered by the manner of service of the

15  infringement contentions.  Defendants do not contend that plaintiff failed to properly serve its

16  contentions, and, in any event, plaintiff's proposed schedule allows defendants an additional

17  week.  Plaintiff complied with the procedural rules for service of its contentions.  Plaintiffs

18  provided detailed contentions supplemented by appendices including a substantial amount of

19  material (mostly source code) as requested by defendants.  The volume of data required plaintiff

20  to produce its infringement contentions (including appended materials) on a USB "thumb" drive

21  served by U.S. mail in accordance with Fed. R. Civ. P. 5(b).  The mailings were addressed to

22  defendants' Seattle counsel, and an email detailing the mailing, including the identities of the

23  addressees and instructions to access the documents on the thumb drives, was delivered to all

24  counsel for each defendant.  No defendant had requested service by any other means.  The

25  packages were placed in the mail on Friday, November 7, and arrived at the offices of

26  defendants' Seattle attorneys the next business day, Monday, November 10.  Some defendants'

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

counsel acknowledged receipt on November 10.  Other defendants' counsel initially expressed difficulty locating the package in their offices, or in the offices of their Seattle colleagues.  Any such difficulties do not justify an extension of the deadline.

Neither do defendants' complaints regarding the detail and volume of materials served with plaintiff's infringement contentions justify an extension of more than 7 days.  Plaintiff acknowledges that it served very detailed infringement contentions on defendants—detail that defendants had demanded.  By letter dated September 26, 2014, defendants demanded that "REC's infringement contentions will not only identify each allegedly infringing product with specificity, but also provide a detailed analysis of the publicly-available source code for each of the products REC intends to accuse."  Defendants should not be heard now to complaint that they received too much detail.  As a courtesy to defendants, plaintiff appended a substantial volume of material to its contentions—volume comprising mostly source code.

Detailed infringement contentions do not warrant an extension of the deadline.  Indeed, if anything, the detailed and specific nature of plaintiff's contentions should make defendants' task of responding that much easier.  Nonetheless, defendants propose to extend the deadline for non-infringement contentions 24 days beyond the deadline set forth in the Local Patent Rules.  Plaintiff agrees to an extension of one week, but plaintiff believes that any further delay is not warranted in this case.  Defendants have substantial resources available to them, including detailed knowledge of their own products, and have had months to evaluate plaintiff's patent.  Defendants should be held to a schedule incorporating a moderate extension of the deadlines they previously negotiated and proffered to the Court.

### 3.   Claim Construction and Trial Date

At the October 9, 2014, hearing, this Court identified Judge Robart's prior construction of the patent-in-suit in the *Microsoft* litigation, including the sole independent claim asserted in this case.  It should not be necessary to interpret the claims a second time.  In any event, any claim construction process should be compact and limited.  Plaintiff also understood the Court to

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

1    indicate that trial would be scheduled between 12-18 months after the cases were filed.  Plaintiff

2    proposes a November 2015 trial date, or 17 months after filing.  Defendants propose a March

3    2016 trial date, or 21 months after filing.

4           In summary, plaintiff's proposed schedule should be adopted.

5    **C.    Defendants' Position**

6           During the status conference held on October 9, 2014 , the Court advised the parties that

7    it was currently setting trial dates one year to eighteen months out from the conference date.

8    REC proposes the shortest schedule within this range. This is inappropriate for a case that

9    involves ten defendants and in which REC's infringement contentions (which were just served)

10   include more than one million pages for each Defendant. Defendants' proposed schedule falls

11   towards the middle of the Court's current range of trial dates and thus aligns with the Court's

12   guidance as to timing.  This is the primary issue presented. If a trial date within the period for

13   which the Court is currently scheduling trials is acceptable, the Court can and should adopt

14   Defendants' schedule.

15          Defendants' schedule does, however, adjust the dates for noninfringement and invalidity

16   contentions, because Defendants received REC's infringement contentions after the deadline and

17   because these contentions are quite voluminous. First, REC served its infringement contentions

18   by U.S. Mail, and refused to provide Defendants with email courtesy copies. As a result, many

19   Defendants did not receive their infringement contentions until five or six days after REC's

20   deadline. Second, REC's infringement contentions comprise more than 1.3 million records, and

21   include dozens of unique filetypes that are not readily processed by standard software tools (i.e.

22   they are not .pdfs or .tifs and are instead native files of uncommon filetypes). With several

23   Defendants having just received the contentions in the last two days, Defendants have not been

24   able to even open the majority of these documents, let alone begin to review and analyze the

25   contentions. Defendants thus request an additional three weeks to provide their noninfringement

26   and invalidity contentions. This is reasonable and tailored under the circumstances.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

1    With respect to claim construction dates, Defendants' proposed dates adhere to the

2 timeline of the Local Patent Rules, rather than the aggressive timeline that REC proposes. This is

3 again reasonable given the number of defendants and the complexity of the case. Although a

4 number of issues relating to the asserted claims were addressed in the *REC v. Microsoft* case,

5 REC has asserted at least one claim against Defendants that was not at issue in that case. Further,

6 REC's interpretation of the asserted claims set out in its infringement contentions indicates that

7 there are claim construction issues relating to the asserted claims that were either not addressed

8 in the *Microsoft* case or require further clarification. Defendants acknowledge that the parties

9 should ensure the scope of the claim construction disputes are narrowed (e.g., by asking the

10 Court to revisit only those aspects of the constructions that are absolutely necessary, given the

11 facts of this case), but that does not mean that the process can necessarily be rapid. With so many

12 Defendants, many of which are based in foreign countries, and such complex infringement

13 allegations, a claim construction process that complies with the Local Patent Rules—not REC's

14 accelerated timeline—is appropriate.

15    DATED this 14th day of November, 2014.

16 STOLL STOLL BERNE LOKTING &
17 SHLACHTER P.C.

KNOBBE MARTENS OLSON & BEAR, LLP

18 By:  s/Timothy S. DeJong
19    **Timothy S. DeJong**, WSBA No. 20941

By:  s/Colin B. Heideman
   **Colin B. Heideman**, WSBA No.: 44873
   925 Fourth Avenue, Suite 2500
   Seattle, WA 98104
   Telephone: (206) 405-2000
   Email:    colin.heideman@knobbe.com

20 209 SW Oak Street, Suite 500
   Portland, OR 97204
21 Telephone:  (503) 227-1600
   Email:     tdejong@stollberne.com

22 **Attorneys for Plaintiff/Counter-Defendant**
23 **REC Software USA, Inc.**

**Irfan A. Lateef** (admitted *pro hac vice*)
**Kendall M. Loebbaka** (admitted *pro hac vice*)
KNOBBE MARTENS OLSON & BEAR, LLP
2040 Main St 14th Floor
Irvine, CA 92614
Email:  Irfan.lateef@knobbe.com
       Kendall.Loebbaka@knobbe.com

24

25

26 **Attorneys for Defendant/Counter-Plaintiff HTC**
   **America, Inc.**