THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| REC SOFTWARE USA, INC., a Virginia corporation<br><br>Plaintiff,<br><br>v.<br><br>HTC AMERICA, INC., a Washington corporation<br><br>Defendant. | Case No. 14-cv-01025-MJP (Lead Case)<br><br><br>**JOINT RULE 26(f) REPORT** |
| REC Software USA, Inc. v.<br>    Casio Computer Co. Ltd. | Case No. 14-cv-1047-MJP (Non-Lead Case) |
| REC Software USA, Inc. v.<br>    Dell Inc. *et al*. | Case No. 14-cv-1048-MJP (Non-Lead Case) |
| REC Software USA, Inc. v.<br>    Huawei Device USA Inc. *et al*. | Case No. 14-cv-1050-MJP (Non-Lead Case) |
| REC Software USA, Inc. v.<br>    LG Electronics USA Inc. *et al*. | Case No. 14-cv-1053-MJP (Non-Lead Case) |
| REC Software USA, Inc. v.<br>    Motorola Mobility LLC | Case No. 14-cv-1056-MJP (Non-Lead Case) |
| REC Software USA, Inc. v.<br>    Samsung Electronics America, Inc. *et al*. | Case No. 14-cv-1059-MJP (Non-Lead Case) |
| REC Software USA Inc. v.<br>    Sony Mobile Communications (USA) Inc. | Case No. 14-cv-1060-MJP (Non-Lead Case) |
| REC Software USA, Inc. v.<br>    ZTE (USA) Inc. | Case No. 14-cv-1062-MJP (Non-Lead Case) |

**JOINT RULE 26(f) REPORT**
(14-cv-01025-MJP) - 1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

1    Pursuant to Fed. R. Civ. P. 26(f), LCR 26(f)(1) and LPR 110, counsel for all parties to the

2  "Lead Case" and "Non-Lead Cases" (both as defined in the Court's Order Granting Stipulated

3  Motion to Consolidate for Discovery Purposes (the "Discovery Consolidation Order"), Doc. No.

4  26, Case No. 2:14-cv-01025-MJP, entered November 14, 2014) present this Joint Rule 26(f)

5  Report.  The parties conducted a Rule 26(f) conference to address the topics required by the

6  Federal and Local Civil and Patent Rules, as set forth below.

7    **1.    Discovery Plan**

8      **a.  Initial disclosures.**  The parties to the Lead Case and Non-Lead Cases

9  (together, the "Related Cases") jointly agreed to forego initial disclosures pursuant to Fed. R.

10  Civ. P. 26(a).

11      **b.  Subjects, timing, and potential phasing of discovery.**

12    As a general matter, the subjects on which discovery may be needed include issues of

13  infringement, damages, and validity.  The parties have proposed deadlines for the completion of

14  claim construction and overall discovery, as reflected in the Joint Proposed Trial Schedule filed

15  on November 14, 2014.  *See* ECF No. 26.  The parties agree that any claim construction

16  discovery should be included within and governed by any overall limits established with respect

17  to discovery in the Related Cases, and do not propose any specific claim construction discovery

18  or any specific limits thereon.

19    Defendants additionally believe that some phasing of email discovery is appropriate and

20  plan to address this in their modifications to the Model Agreement Regarding Discovery of

21  Electronically Stored Information (*see* paragraph 1(c)).

22    Because defendants intend to bring dispositive motions prior to claim construction (*see*

23  paragraph 2(f)), plaintiff believes that it is not appropriate to phase email discovery in the

24  manner proposed by defendants.

25      **c.  Electronically Stored Information.**  The parties anticipate that this case will

26  require the preservation and production of Electronically Stored Information ("ESI").  Plaintiff

**JOINT RULE 26(f) REPORT**
 (14-cv-01025-MJP) - 2

1  agrees to adopt the Model Agreement Regarding Discovery of Electronically Stored Information

2  in Civil Litigation developed by the Court and made available on the Court's website (the

3  "Model ESI Agreement"), without modification.  Defendants agree to adopt an appropriately

4  modified version of the Model ESI Agreement.  The parties are currently working to negotiate a

5  mutually acceptable version of the Model ESI Agreement.

6          **d.  Privilege issues.**  The parties agree that privilege logs will not be required for

7  communications between or among outside litigation counsel, and their clients during the course

8  of any litigation for which such outside litigation counsel was engaged.  The parties do not

9  currently anticipate any special issues related to privilege.

10          **e.  Proposed limitations on discovery.**  The parties agree that some changes to

11  the limitations on discovery imposed under the Federal Rules are appropriate, but the parties

12  disagree with respect to the details of the changes.  The parties' respective positions are set forth

13  below:

14                          **i.  Interrogatories**

15      Plaintiff proposes to limit interrogatories as follows:  Plaintiff shall have no more than 30

16  interrogatories in each Related Case.  All defendants in all Related Cases together shall have 20

17  common interrogatories, and each defendant group (that is, all defendants in each Related Case)

18  shall additionally be permitted to serve 10 individual interrogatories in the Related Case to which

19  the defendant group is a party.

20      Defendants propose that Plaintiff shall have no more than 30 interrogatories in each

21  Related Case. Defendants shall have 20 common interrogatories and 10 individual interrogatories

22  in each Related Case (i.e., a number equal to Plaintiff's).

23                          **ii.  Depositions**

24      Plaintiff proposes to limit depositions as follows: All depositions shall be noticed in the

25  Lead Case, each witness shall be deposed only once in connection with all of the Related Cases,

26  and each deposition may be used in each of the Related Cases, subject to all evidentiary rules.

**JOINT RULE 26(f) REPORT**
  (14-cv-01025-MJP) - 3

1   Unless otherwise agreed to by the parties, all depositions shall be limited to 7 hours of deposition

2   time per side.  That is, plaintiff shall be entitled to 7 hours of deposition time and all defendants

3   in all Related Cases, collectively, shall be entitled to 7 hours of deposition time.

4       Defendants agree that all depositions shall be noticed in the Lead Case and that each

5   deposition may be used in each of the Related Cases, subject to the evidentiary rules. Defendants

6   further propose to limit depositions as follows:

7   - Party depositions (including of current and former employees and pursuant to Fed. R.

8       Civ. Proc. 30(b)(6)) shall be limited to 100 hours/side, with no party to be subject to

9       more than 50 hours of combined employee and Rule 30(b)(6) depositions. To the

10      extent REC offers Stephen Pickett as a representative for purposes of Rule 30(b)(6),

11      Mr. Pickett shall be subject to 7 hours of deposition time in his personal capacity in

12      addition to any testimony he provides pursuant to Rule 30(b)(6).

13  - If an expert opines about issues specific to multiple parties (e.g., damages experts),

14      the expert may be deposed for up 14 hours plus 2 hours for each defendant opined

15      about. If an expert opines about issues that are not specific to any party (e.g.,

16      invalidity experts), the expert may be deposed for up to 7 hours.

17  - Third-party depositions shall be limited to 50 hours per side.

18                          **iii.   Requests for Admission.**

19      Plaintiff believes that the limitations and protections set forth in the Federal Rules and

20  Local Rules with respect to requests for admission are more than sufficient, and plaintiff

21  therefore does not propose any changes to those limitations and protections.

22      Defendants propose that Plaintiff shall have no more than 30 requests for admission in

23  each Related Case.  Defendants shall have 15 common requests for admission and 15 individual

24  requests for admission in each Related Case.  However, there shall be no limit on requests for

25  admission served for purposes of authentication or establishing publication or public use.

26          **f.   Need for discovery-related orders.**  The parties agree that a protective order

**JOINT RULE 26(f) REPORT**
(14-cv-01025-MJP) - 4

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

should be entered to protect confidential and proprietary information.  The parties have

completed negotiations regarding the form of a protective order and are unable to reach

agreement on a form of protective order.  Accordingly, the parties intend to file a joint motion

for entry of a protective order setting forth the parties' respective positions.

**2.      Local Civil Rule 26(f)(1) Items**

**a.   Prompt case resolution.**  The parties have engaged in preliminary

discussions regarding the prompt resolution of this matter, but do not anticipate taking any

further immediate measures to resolve the matter.

**b.   ADR.**  The parties agree that ADR may be useful in this case, but it is

currently premature.  The parties agree to discuss ADR, including mediation, to occur after

defendants serve their non-infringement and invalidity contentions.

**c.   Related cases.**  On November 14, 2014, the Court granted the parties'

Stipulated Motion to Consolidate for Discovery Purposes with respect to the Related Cases

pending before this Court.  *See* ECF No. 27.  Pursuant to this order, all filings relating to any of

the Related Cases are to be filed in the Lead Case, Case No. 14-cv-01025-MJP.

**d.   Discovery management.**  Beyond the limitations addressed above in

paragraph 1(e), the parties do not believe special measures are needed to minimize discovery

expenses.

**e.   Anticipated discovery.**  The parties intend to take depositions and propound

interrogatories, requests for production, and requests for admission on the topics referenced in

Section 1(b).

**f.   Phasing motions**.

Plaintiff does not plan to bring any motion for preliminary injunction or any dispositive

motion before the Claim Construction Hearing.

Defendants anticipate seeking the Court's leave to bring certain dispositive motions prior

to the Claim Construction Hearing, including on the issues of no joint infringement and

**JOINT RULE 26(f) REPORT**
 (14-cv-01025-MJP) - 5

1   invalidity under 35 U.S.C. § 101.  ZTE plans to bring dispositive motions as early as feasible on

2   or related to the issue of remedies and liability.

3   　　　　　　　　　**g.   Preservation of discoverable information.**  The parties have taken steps to

4   ensure that all discoverable information is preserved.

5   　　　　　　　　　**h.   Privilege issues.**  The parties' views and agreements on privilege issues are

6   set forth above in paragraph 1(d).

7   　　　　　　　　　**i.   Model Protocol for Discovery of ESI.**  As discussed above in paragraph 1(c),

8   the parties anticipate adopting the Model ESI Agreement or an appropriately modified version of

9   the Model ESI Agreement.

10   　　　**3.　　　Local Patent Rule 110 Items**

11   　　　　The following section addresses the additional items identified by Local Patent Rule 110,

12   to the extent these are not otherwise covered by Sections 1 and 2 of this Joint Report.

13   　　　　　　　　　**a.   Changes to Local Patent Rule limitations on discovery.**  None.

14   　　　　　　　　　**b.   Orders under Federal Rule 26(c), Rule 16(b) or 16(c).**  None.

15   　　　　　　　　　**c.   Proposed modifications to Local Patent Rule deadlines.**  The parties have

16   submitted a Joint Proposed Trial Schedule, setting forth the parties' proposed deadlines for

17   contentions, claim construction, discovery, and dispositive motions, as well as proposed trial

18   dates. *See* ECF No. 26.

19   　　　　　　　　　**d.   Confidentiality concerns.**  The Local Patent Rule disclosures will raise

20   confidentiality concerns.  As discussed in paragraph 1(f), the parties anticipate filing a motion for

21   protective order with the Court.

22   　　　　　　　　　**e.   Technology tutorial.**

23   　　　　Plaintiff believes that the parties will be able to provide any necessary or helpful

24   background information concerning the technology in connection with the claim construction

25   briefing and claim construction hearing.  Accordingly, plaintiff does not propose to schedule a

26   separate technology tutorial for the Court, unless requested by the Court.

**JOINT RULE 26(f) REPORT**
　(14-cv-01025-MJP) - 6

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

1    Defendants believe that holding a technology tutorial in connection with claim

2 construction proceedings will be helpful and appropriate. Defendants propose that any such

3 technology tutorial be scheduled approximately two weeks prior to the claim construction

4 hearing, at the Court's convenience, and believe that a one-hour tutorial (with the time to be split

5 evenly between the two sides) will be sufficient.

6    **f.   Court-appointed expert.**  The parties do not propose the appointment of an

7 expert to hear and make recommendations on claim construction issues.

8    **g.   Nature of the Claim Construction Hearing.**  The Court has scheduled a

9 five-hour Claim Construction Hearing to occur on June 26, 2015 (*see* ECF No. 40).  The parties

10 shall provide further recommendations regarding the proposed structure of the Claim

11 Construction Hearing as required by Local Patent Rule 132.

12    **h.   Scheduling conference.**  The parties do not believe a Scheduling Conference

13 is necessary to address the issues raised in this report.

14    DATED this 24th day of December, 2014.

15

16 STOLL STOLL BERNE LOKTING                    KNOBBE MARTENS OLSON
   & SHLACHTER P.C.                             & BEAR, LLP

17

18 By:  s/Timothy S. DeJong                     By:  s/Colin B. Heideman
       **Timothy S. DeJong**, WSBA No. 20941        **Colin B. Heideman**, WSBA No.: 44873
       209 SW Oak Street, Suite 500                 925 Fourth Avenue, Suite 2500
19     Portland, OR 97204                           Seattle, WA 98104
       Telephone: (503) 227-1600                    Telephone: (206) 405-2000
20     Email: tdejong@stollberne.com                Email: colin.heideman@knobbe.com

21 **Attorneys for REC Software USA, Inc.**        **Attorneys for HTC America, Inc.**

22 -AND-                                         -AND-

23

24

25

26

**JOINT RULE 26(f) REPORT**
  (14-cv-01025-MJP) - 7

| | |
|---|---|
| 1 | **Scott D. Stimpson** (admitted *pro hac vice*)<br>**David C. Lee** (admitted *pro hac vice*) |
| 2 | **Katherine M. Lieb** (admitted *pro hac vice*)<br>Sills Cummis & Gross, P.C. |
| 3 | 30 Rockefeller Plaza<br>New York, NY 10112 |
| 4 | Telephone:   (212) 500-1550<br>Email: |
| 5 | sstimpson@sillscummis.com<br>dlee@sillscummis.com |
| 6 | klieb@sillscummis.com |
| 7 | **Attorneys for Casio Computer Co., Ltd.** |
| 8 | -AND- |
| 9 | **Franklin D. Cordell** (admitted *pro hac vice*) |

**Scott D. Stimpson** (admitted *pro hac vice*)
**David C. Lee** (admitted *pro hac vice*)
**Katherine M. Lieb** (admitted *pro hac vice*)
Sills Cummis & Gross, P.C.
30 Rockefeller Plaza
New York, NY 10112
Telephone:   (212) 500-1550
Email:
   sstimpson@sillscummis.com
   dlee@sillscummis.com
   klieb@sillscummis.com

**Attorneys for Casio Computer Co., Ltd.**

-AND-

**Franklin D. Cordell** (admitted *pro hac vice*)
**Jeffrey M. Thomas** (admitted *pro hac vice*)
Gordon Tilden Thomas & Cordell LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Telephone:   (206) 467-6477
Email:  gcordell@gordontilden.com
    jthomas@gordontilden.com

**Attorneys for Huawei Device USA Inc.,
Huawei Technologies USA, Inc. and
Futurewei Technologies, Inc.**

-AND-

**Ryan J. McBrayer** #28338
**Christina J. McCullough** #47147
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  (206) 359-3073
Email:  RMcBrayer@perkinscoie.com
    CMcCullough@perkinscoie.com

**Attorneys for Motorola Mobility, LLC**

-AND-

**Eugene Mar** (admitted *pro hac vice*)
**Rochelle L. Woods** (admitted *pro hac vice*)
**James W. Morando** (admitted *pro hac vice*)
Farella Braun + Martel LLP
Russ Building
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone:  (415) 954-4937
Email:  EMar@fbm.com
    RWoods@fbm.com
    JMorando@fbm.com

**Attorneys for Dell Inc. and Dell Products L.P.**

-AND-

**Andrew C. Sonu** (admitted *pro hac vice*)
**John Mulcahy** (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Email:  andy.sonu@finnegan.com
    john.mulcahy@finnegan.com

**Attorneys for LG Electronics U.S.A., Inc., LG
Electronics Mobile Research U.S.A., L.L.C.,
and LG Electronics MobileComm U.S.A., Inc.**

-AND-

**Gregory F. Wesner**, WSBA No.: 30241
**Tiffany Scott Connors**, WSBA No.: 41740
LANE POWELL PC
1420 Fifth Ave, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Phone:  (206) 223-7000
Email:  wesnerg@lanepowell.com
    connorst@lanepowell.com

**Attorneys for Sony Mobile Communications
(USA) Inc.**

-AND-

**JOINT RULE 26(f) REPORT**
(14-cv-01025-MJP) - 8

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

1

**Stellman Keehnel**, WSBA No. 9309
**Andrew R. Escobar**, WSBA No. 42793
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104
Telephone:  (206) 839-4800
Email:      stellman.keehnel@dlapiper.com
            andrew.escobar@dlapiper.com

**Attorneys for Samsung Electronics
America, Inc., Samsung Information
Systems America, Inc., Samsung
Telecommunications America, LLC, and
Samsung Electronics Co., Ltd.**

**Jacqueline M. Lee** (admitted *pro hac vice*)
**Everett Upshaw** (admitted *pro hac vice*)
Law Office of Everett Upshaw, PLLC
811 S. Central Expressway, Suite 307
Richardson, TX 75080
Telephone: (214) 680-6005
Email:      jacquelinelee@everettupshaw.com

**Attorneys for ZTE (USA) Inc.**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**JOINT RULE 26(f) REPORT**
 (14-cv-01025-MJP) - 9