1

2

3

4

5

6

7

THE HONORABLE MARSHA J. PECHMAN

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

17

18

19

20

REC SOFTWARE USA, Inc.,

               Plaintiff,

     v.

HTC AMERICA, INC., a Washington
corporation, et al.

               Defendants.

Lead Case No.   2:14-CV-1025 MJP

[Consolidated with Non-Lead Case Nos.
2:14-CV-1048-MJP; 2:14-CV-1050-MJP;
2:14-CV-1053-MJP; 2:14-CV-1056-MJP;
2:14-CV-1059-MJP; 2:14-CV-1060-MJP;
2:14-CV-1062-MJP]

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFF REC SOFTWARE USA,
INC.'S INFRINGEMENT
CONTENTIONS**

**NOTE ON MOTION CALENDAR:
February 6, 2015**

21

22

23

24

25

26

27

28

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP)

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

## I.   **INTRODUCTION**

2

3    Defendants, by and through their undersigned counsel, jointly move the Court to strike

4 portions of Plaintiff REC Software USA, Inc.'s ("REC") Infringement Contentions as improper

5 because (i) they allege acts of infringement which are not legally applicable to method claims (the

6 only type of claim asserted) and (ii) even for the limited alleged acts which are applicable to

7 method claims (*e.g.*, the act of "using"), the infringement contentions fail to inform one as to how

8 allegedly infringing pre-installed applications on the accused mobile devices actually practice the

9 claimed method as required by Local Patent Rule ("LPR") 120.  Specifically, REC's Infringement

10 Contentions ("ICs") are improper in each of the following respects:

11

12    • A patent method claim cannot be directly infringed by making or selling a device that
      allegedly practices the steps of the method, yet the ICs include claims that the
13      Defendants directly infringe the asserted method claims by making, offering to sell,
      selling, and importing the accused mobile devices;
14

15    • for the remaining claim (that Defendants practice the patented computing process), the
      ICs fail to provide a limitation-by-limitation claim chart as the Local Rules require.
16      Instead, the ICs list dozens of pre-installed application programs without explaining
      how any one application (let alone all of them) might satisfy a single claim limitation;
17

18    • the ICs also include an "Appendix C," which contains more than 1.3 million documents
      and files (many of which cannot be processed by standard software tools), despite the
19      fact that the ICs never substantively discuss the materials in Appendix C in relation to
      any claim limitation; and
20

21    • the ICs fail to provide an element-by-element analysis for any specific mobile device,
      instead generally referring to generic versions of the Android operating system
22      ("Android"), including versions of Android which were not even released until after
      expiration of the asserted patent.
23

24    Infringement contentions are intended to require patent holders to "crystallize their theories

25 of the case early in the litigation and to adhere to those theories once they have been disclosed."

26 *REC Software USA, Inc. v. Bamboo Solutions Corp.*, No. C11-0554JLR, 2012 WL 3527891, at *3

27 (W.D. Wash. Aug. 15, 2012) (*citing O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d

28

---

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 1 -

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

1355, 1366 n.12 (Fed. Cir. 2006)).  As Judge Robart noted in *REC Software USA, Inc. v. Bamboo Solutions Corp.*, this Court has often "view[ed] the Northern District of California cases interpreting their own local patent rules to be of assistance in this court's effort to fashion its own standard" given the similarity between the two courts' local patent rules.  No. C11-0554JLR, 2012 WL 3527891, at \*3 (W.D. Wash. Aug. 15, 2012).  And the Northern District of California has regularly opined that early crystallization is necessary to "prevent the 'shifting sands' approach to claim construction."  *Atmel Corp. v. Info. Storage Devices, Inc.*, C 95-1987 FMS, 1998 WL 775115, at \*3 (N.D. Cal. Nov. 5, 1998).

But REC's ICs fail to provide critical information about how third-party applications and how each version of Android infringe the patent on an element-by-element basis as required by LPR 120.  This problem is particularly acute in this matter as the accused Android software and functionality is developed and supplied by third parties who are not defendants in this matter and, accordingly, Defendants' own ability to prepare defenses is greatly prejudiced absent clear infringement contentions.  For these reasons, these parts of the ICs fail to comply with the Local Patent Rules and should be stricken.

## II.  **FACTUAL BACKGROUND**

REC served its ICs on November 7, 2014 asserting that Defendants directly infringed claims 1, 2, 3, 4, and 6 of U.S. Patent No. 5,854,936 ("the '936 Patent").  The '936 patent was issued on December 29, 1998 and expired on August 22, 2011, almost three years before REC filed suit.  All five asserted claims are method claims.  Though the '936 patent also included "apparatus" type claims 9-22, in its contentions, REC made clear it was not asserting any apparatus claims in this matter, specifically stating "REC does not reserve the right to assert any of claims 9-

---

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 2 -

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

22 of U.S. Patent No. 5,854,936 against [each] Defendant."  Decl. of Julia Kropp in Supp. of Defs.' Mot. to Strike REC's Infringement Contentions ("Kropp Decl."), Ex. 1 [REC's Infringement Contentions] at p. 2, lns. 23-24.  All of the method claims relate generally to method practiced by a computer.  REC alleges that Defendants directly infringe these method claims by, *inter alia*, "Making the Accused Devices," "Offering to Sell the Accused Devices," "Selling the Accused Devices," and "Importing the Accused Devices."  *Id.* at p. 4, lns. 2-5.

A.      **Contentions Regarding Android**

REC's infringement contentions purport to accuse versions 1.0-4.0.3 (including 32 separate versions) of the "Android" operating system.  The Android operating system is developed by third-party Google Inc., who is not a defendant in any of the REC cases.

The ICs accuse of infringement Defendants' "mobile phone and/or tablet that include and implement at least (i) an operating system; (ii) certain pre-installed applications, and (iii) a Dalvik virtual machine ("Dalvik VM"), including any Dalvik VM included with one or more of the following versions of the Android Operating System software."  *Id.* [REC's Infringement Contentions] at App. A, p. 1.  Although REC's infringement allegations are limited to functionalities found in Android (such as the Dalvik VM), the ICs simply march through generic functionalities and commands of Android without tying any of REC's purported analysis to any particular versions of Android.  The substantive portion of REC's Infringement Contentions where this purported analysis occurs, Appendix A, is identical for all Defendants.  Kropp Decl., ¶ 7.  REC does not provide a claim chart for each version, nor explain why the accused functionality is assumed to operate the same way across all 32 versions.  Kropp Decl., Ex. 1 [REC's Infringement

*Defendants' Motion to Strike Infringement Contentions* (2:14-cv-01025-MJP) - 3 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Contentions] at App. A, p. 12.  In fact, the ICs contain a troubling admission that REC has not examined all the versions of Android named in its ICs:

- "It is *believed* that versions 1.0 and 1.1 of the Android system do not differ from the other versions of the Android system in a way that affects the infringement analysis, *but the source code is not currently publically available*."

- "It is *believed* that versions 3.0, 3.1, and 3.2-3.2.4 of the Android system do not differ from the other versions of the Android system in a way that affects the infringement analysis, *but the source code is not publicly available*."

*Id.* at App. A, p. 11-12 (emphasis added).

### B.   Contentions Regarding the Pre-Installed Applications

For each device identified, Appendix B also listed some REC documents by bates number, and these documents included a table of numerous (for most devices, hundreds) of applications allegedly "running upon start" for a particular device, along with generally indecipherable "Methodology" and "Notes" sections.  Nowhere are these documents discussed (or even mentioned) in Appendix A.

Furthermore, although REC alleges in its ICs that the Defendants' mobile products infringe because "certain pre-installed applications" practice the claimed method, REC does not provide any element-by-element analysis of any of the pre-installed applications to show how they allegedly infringe.  In fact, Appendix A fails to even mention any specific pre-installed application or device by name.

### C.   Meet-and-confer efforts and subsequent clarification from REC

Counsel for Motorola sent REC a letter on November 21, 2014, identifying the various deficiencies in the ICs—including REC's failure to provide a proper element-by-element claim chart, REC's generic and unsubstantiated allegations regarding specific devices and versions of

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 4 -

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

Android, REC's unsubstantiated allegations of joint infringement, and REC's allegations of legally-insufficient grounds for infringement.  *Id.*, Ex. 2 [2014-11-21 R. McBrayer Letter to T. DeJong ].  On December 4, 2014, Dell also sent a comprehensive letter to REC identifying these deficiencies.  *Id.*, Ex. 3 [2014-12-4 E.Mar Letter to T.DeJong].  Dell and Motorola, thereafter, engaged in extensive meet-and-confer discussions with REC on these issues in an attempt to reach resolution without involving the Court.  Dell and Motorola also objected to the unsubstantiated and open-ended allegations of joint infringement included in the ICs.

On January 14, 2015, REC served its Clarification, Amendment, and Supplement Regarding its Disclosure of Asserted Claims and Infringement Contentions.  *Id.*, Ex. 4 [REC's Supplemental Contentions].  In the Clarification, REC withdrew its joint infringement allegations and its infringement assertion based on the doctrine of equivalents; however, REC did not remedy the deficiencies to which this motion is directed.  *Id.*

## III.   REC'S INFRINGEMENT CONTENTIONS ARE DEFICIENT AND PORTIONS SHOULD BE STRICKEN.

### A.   The Allegations in REC's Contentions that Allege Infringement of Method Claims Based on Making, Offering to Sell, Selling, and Importing Accused Devices Should Be Stricken as a Matter of Law.

Direct infringement of a patented method is limited to the actual performance of the steps of the claimed method.  As the Federal Circuit noted just last month, "none of our decisions have found direct infringement of a method claim by sales of an end user product which performs the entire method, and we decline to do so here."  *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201 (Fed. Cir. 2014); *see also Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008) ("Accordingly, we hold that a party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)");

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 5 -

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

*Mformation Techs., Inc. v. Research in Motion Ltd*., 830 F. Supp. 2d 815, 839 (N.D. Cal. 2011) ("Plaintiff must show that Defendants actually used the [accused] software within the United States in a way that directly infringes the patent-in-suit, i.e., in a way that practiced each step of the patented method within the United States") (citing *Ricoh*, 550 F.3d at 1335). "Congress has consistently expressed the view that it understands infringement of method claims under section 271(a) to be limited to use." *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319 (Fed. Cir. 2005). "The sale or offer to sell handheld devices is not, in and of itself, enough [to infringe a method claim]." *Id.* at 1321. "To infringe a method claim, a person must have practiced all steps of the claimed method." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) (citing *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993)). "A method claim is *directly* infringed only by one practicing the patented method." *Joy Techs.*, 6 F.3d at 775 (emphasis in original).

Indeed, this is the only logical interpretation of the statute, given that "[d]irect infringement occurs only when someone performs the claimed method." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 821, 850 (Fed. Cir. 2010). Making, offering to sell, selling, or importing a mobile device capable of performing a method is not the same as performing that method, and is not an infringement. *See, e.g., Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009) (("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a)" (internal citations and quotations omitted)). Any one of these cases should have prevented REC from leveling its baseless claims.

REC indicated instead during the parties' conferences that it believes *CLS Bank Int'l v. Alice Corp.*, 667 F. Supp. 2d 29 (D.D.C. 2009) entitles it to assert infringement of a method claim

*Defendants' Motion to Strike Infringement Contentions* (2:14-cv-01025-MJP) - 6 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

based on making, offering to sell, selling, or importing devices.  But REC misreads this case.  The method claims at issue in *CLS Bank* recited a process of exchanging a financial obligation between parties.  *Id*. at 31-32.  The accused infringer, CLS, sold banks a "continuous linked settlement" service that settled payment instructions related to underlying foreign exchange transactions.  *Id*. at 32.  The patentee argued that performance of the CLS *service* infringed every step of the asserted method claims and, therefore, that CLS's sale of its *service* directly infringed the method claims.  *Id*. at 36.  The court held that "one who 'sells' or 'offers to sell' each and every step of a patented method infringes the patent."  *Id*. at *37.  Thus, *CLS Bank* applies to the narrow instance in which the thing being sold is the service of performing the claimed method itself (e.g., as a consulting service)—not where the thing being sold is a *device* that allegedly performs the claimed method.  As *NTP* made clear, the sale of a device that allegedly performs a claimed method cannot directly infringe a method claim.  418 F.3d at 1321.

Here, despite that well-settled tenet of patent law, REC's ICs improperly assert that the asserted method claims can be infringed by the acts of "making," "offering to sell," "selling," and/or "importing" the accused mobile devices.  Kropp Decl., Ex. 1 [REC's Infringement Contentions]  at p. 4, lns. 2-5.  As explained in *NTP*, one cannot actually use or practice the claimed method (as is required to prove infringement) by making, offering to sell, selling, and/or importing a mobile device.  *See Cardiac Pacemakers*, 576 F.3d 1359.  Accordingly, the Court should strike the portion of REC's ICs that improperly allege infringement by making, selling, offering to sell, or importing the accused mobile devices.  *See, e.g., Shared Memory Graphics LLC v. Apple Inc*., No. C-10-02475 MMC JSC, 2011 WL 3878388, at *8 (N.D. Cal. Sept. 2, 2011)

*Defendants' Motion to Strike Infringement Contentions* (2:14-cv-01025-MJP) - 7 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

(granting motion to strike Infringement Contentions).  Doing so will prevent needless discovery activity into Defendants' manufacturing processes, sales organizations, and importation records.

### B. REC Fails to Provide a Claim-by-Claim, Element-by-Element Analysis of How Pre-Installed Applications Running on the Accused Devices Allegedly Satisfy the Elements of the Asserted Method.

The Local Patent Rules require REC's "Disclosure of Asserted Claims and Infringement Contentions" to contain the following information:

> "A chart identifying specifically where each element of each Asserted Claim is found within each Accused Device, including for each claim element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Device that performs the claimed function.

LPR 120(c) (emphasis added).  REC's allegations contain no such chart.

The lack of a chart is an administrative problem, but importantly, is one that masks underlying substantive problems.  In its ICs, REC alleges that "certain pre-installed applications" found in the accused devices satisfy the elements of the asserted method claim.  *See* Kropp Decl., Ex. 1 [REC's Infringement Contentions] at App. A, p. 1.  The ICs then contain, for each Defendant, a long list of all applications allegedly on each phone.  *See, e.g.,* Kropp. Ex. 6 [List of Apps].  REC, however, fails to identify anywhere, in chart or verbiage, where or how any pre-installed applications satisfies a claim limitation.  Indeed, Appendix A to the ICs never even mentions any pre-installed applications.  The applications running on the Defendants' devices are provided by any number of third-party developers.  REC's ICs are not connected in any way to these applications, and thus there is no basis for opening discovery to this extent and requiring defendants to seek documents from potentially hundreds of non-party application developers.

Moreover, REC improperly attempts to keep the door open for future contentions against other applications that it has not even listed, stating that "the listed pre-installed

---

*Defendants' Motion to Strike Infringement Contentions* (2:14-cv-01025-MJP) - 8 -

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

applications programs are intended to be merely exemplary, and other pre-installed programs are intended to be included within the scope of these infringement contentions to the extent applicable."  Kropp Decl., Ex. 1 [REC's Infringement Contentions] at App. A, p. 2.  REC attempts the same tactic with respect to the identification of Accused Devices in Appendix B, similarly stating that "the listed phones and/or tablets are intended to be merely exemplary, and other phones and/or tablets are intended to be included within the scope of these infringement contentions to the extent applicable."  *Id.* at App. B.  This is improper and inconsistent with the requirements of the Local Patent Rules, which require identification of each Accused Device, and with respect to each device, a "chart identifying specifically where each element of each Asserted Claim is found within each Accused Device."  LPR 120(c).  Defendants cannot defend against application programs or mobile products that are not named.

REC tries to obfuscate its neglect in providing anything specific about the accused products.  At no place in Appendix A does REC identify a specific application by name, much less provide a claim-by-claim, element-by element analysis of any specific applications.  In sections labeled as "background on the technology" and in its purported claim-by-claim analysis, REC generally references functionalities, commands, and operations of Android but never indicates in this verbiage or anywhere else how any of the pre-installed applications on any accused mobile devices uses any of those functionalities, commands, and operations.  *Id.* at App. A, pp. 11-115.  Finally, REC dumped 1.3 million pages and files in an Appendix C to the ICs (many of which cannot be opened by standard software tools) without linking these

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 9 -

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

pages and files to its purported claim-by-claim analysis.  Nowhere does Appendix A mention any document or file produced as part of Appendix C.

The infringement contentions should identify how the accused "'products infringe with as much specificity as possible with the information currently available'" to REC.  *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-CV-04967 WHA NC, 2013 WL 1878912, at *4 (N.D. Cal. May 3, 2013) (citation omitted).  The Patent Local Rules are designed to "ensure all the litigants put all their cards on the table up front."  *Atmel Corp. v. Information Storage Devices, Inc.*, C 95-1987 FMS, 1998 WL 775115, *3 (N.D. Cal. Nov. 5, 1998).  REC has failed to perform this basic step.

Absent such information, the Defendants are left to guess how and which of the pre-installed applications on their mobile devices may allegedly perform the claimed method.  As a result, REC's infringement allegations with regard to the pre-installed applications referenced in Appendix B and the materials in Appendix C should be stricken.  *See, e.g., Shared Memory Graphics*, 2011 WL 3878388, at *8.  In the alternative, REC should supplement its contentions to provide the required element-by-element analysis of how each allegedly infringing pre-installed application practices the claimed method and what portions of Appendix C (i.e., what portions of which particular document) are being relied upon by REC to support its contentions for each limitation.

## C.   REC's Generic Allegations Against Android Are Insufficient.

REC's ICs focus exclusively on functionality it claims is found in Android.  The ICs generically list 32 versions of generic Android from Google, many of which have not been analyzed by REC's own admission, and fail to provide any claim chart or other analysis of how all

*Defendants' Motion to Strike Infringement Contentions* (2:14-cv-01025-MJP) - 10 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

the versions of Android found in the defendants' mobile products infringes.  Kropp Decl., Ex. 1

[REC's Infringement Contentions]  at App. A, pp. 1, 11-12.  This is particularly significant in this

case because although the asserted '936 patent expired in August 2011, REC's ICs claim

infringement based on the use of ten versions of Android which were not released until *after* the

'936 Patent had expired.  As a matter of law, REC cannot assert infringement regarding the use of

technology that occurred after the patent-in-suit has expired.  Such allegations should be stricken.

REC also neglects to explain its basis for why it contends the accused functionality

operates in the same manner across all 32 versions of Android and all Accused Products.  This is

particularly troubling in view of the fact that the specific Android source code for many of the

specific accused mobile devices (not just the generic Google version) *is* publicly available, which

many of the Defendants specifically informed REC of back in September 2014 before the ICs were

due.  Kropp Decl., Ex. 4 [2014-9-26 R. McBrayer letter to T. DeJong].  Absent this required

information, the Defendants are prejudiced in their ability to prepare their defenses in the case.  As

a result, REC's ICs should be stricken.  In the alternative, REC should be compelled to provide a

claim chart for each version of Android that is accused or provide the basis for why the accused

functionality operates in the same manner across all versions of Android.

IV.     **CONCLUSION**

For the reasons set forth in Section III.A, the Court should strike REC's Infringement

Contentions with respect to sale, manufacture, offer to sell, and importing of the accused mobile

devices. As explained in III.A, method claims cannot be infringed by the selling, making, offering

to sell, or importing of a *device* as a matter of law.  Defendants should not face the expense and

burden with mounting defenses to allegations that are simply inapplicable to method claims.

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 11 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Furthermore, for the reasons set out in Section III.B and III.C, the Court should also strike REC's Infringement Contentions, or in the alternative, compel REC to supplement those contentions with respect to the following deficiencies: (i) REC's failure to provide an element-by-element infringement analysis, with such analysis to describe how each pre-installed application on each accused mobile device allegedly practices the claimed method; (ii) REC's failure to identify how each of the 32 version(s) of Android allegedly found on each accused mobile device prior to the expiration of the patent-in-suit allegedly practices the claimed method; and (iii) the basis for REC's contention that the accused Android functionality operates in the same manner across all versions of Android.

//

//

//

//

//

//

//

//

//

//

//

//

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 12 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

1  Dated this 22nd day of January, 2015.

2                                HILLIS CLARK MARTIN & PETERSON P.S.

3

4                          By    s/ Eric D. Lansverk
                                 Michael R. Scott, WSBA #12822
5                                Eric D. Lansverk, WSBA# 17218
                                 1221 Second Avenue, Suite 500
6                                Seattle, Washington  98101-2925
                                 Telephone: (206) 623-1745
7                                Facsimile: (206) 623-7789
                                 Email:  michael.scott@hcmp.com;
8                                eric.lansverk@hcmp.com

9
                             FARELLA BRAUN + MARTEL LLP
10                               James W. Morando (admitted *pro hac vice*)
                                 Eugene Mar (admitted *pro hac vice*)
11                               Julia Kropp (admitted *pro hac vice*)
                                 Farella Braun + Martel LLP
12                               235 Montgomery Street, 17th Floor
                                 San Francisco, CA  94104
13                               Telephone: (415) 954-4400
                                 Email:  jmorando@fbm.com;
14                               emar@fbm.com;
                                 jkropp@fbm.com
15

16

17                           *Attorneys for Defendants*
                             *Dell Inc. and Dell Products L.P.*
18

19

20

21

22

23

24

25

26

27

28

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 13 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

1

YARMUTH WILSDON PLLC

2

By  s/John H. Jamnback

3

    John H. Jamnback, WSBA No. 29872
    818 Stewart Street, Suite 1400

4

    Seattle, WA  98101

5

    Telephone:  206.516.3800
    Facsimile: 206.516.3888

6

    Email:   jjamnback@yarmuth.com

7

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

8

    Andrew C. Sonu (*admitted pro hac vice*)

9

    John Mulcahy (*admitted pro hac vice*)
    Two Freedom Square

10

    11955 Freedom Drive
    Reston, VA  20190

11

    Telephone:      571.203.2700

12

    Facsimile:      202.408.4400
    Email:   andy.sonu@finnegan.com

13

    Email:   john.mulcahy@finnegan.com

14

    Frank A. DeCosta, III (*admitted pro hac vice*)

15

    Christopher M. Kurpinski (*admitted pro hac vice*)
    Forrest A. Jones (*admitted pro hac vice*)

16

    901 New York Avenue, N.W.

17

    Washington, D.C.  20001-4413
    Telephone:      202.408.4000

18

    Facsimile:      202.408.4400
    Email:   frank.decosta@finnegan.com

19

    Email:   christopher.kurpinski@finnegan.com

20

    Email:   forrest.jones@finnegan.com

21

*Attorneys for Defendants LG Electronics USA, Inc., LG*

22

*Electronics Mobile Research USA, LLC, and LG*
*Electronics Mobilecomm USA, Inc*

23

24

25

26

27

28

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 14 -

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1

PERKINS COIE LLP

2

By: *s/ Christina J. McCullough*

3   Ryan J. McBrayer #28338
    Christina J. McCullough #47147

4   Kyle M. Amborn #48340
    Perkins Coie LLP

5   1201 Third Avenue, Suite 4900
    Seattle, WA  98101-3099

6   Telephone:  206.359.8000

7   Email:   RMcBrayer@perkinscoie.com;
    CMcCullough@perkinscoie.com

8   KAmborn@perkinscoie.com

9
    Michael J. Engle (admitted pro hac vice)

10  Perkins Coie LLP
    3150 Porter Drive

11  Palo Alto, CA  94304-1212
    Telephone:  650.838.4300

12  Email:   MEngle@perkinscoie.com

13

14  *Attorneys for Defendant*
    *MOTOROLA MOBILITY LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 15 -

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

1

KNOBBE, MARTENS, OLSON & BEAR, LLP

2

By: _s/ Colin B. Heideman_____

3

Colin B. Heideman (WSBA 44,873)
KNOBBE, MARTENS, OLSON & BEAR, LLP

4

925 Fourth Avenue, Suite 2500

5

Seattle, WA 98104
Email: Colin.heideman@knobbe.com

6

7

1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099

8

Telephone:  206.359.8000
Email:   RMcBrayer@perkinscoie.com

9

CMcCullough@perkinscoie.com
KAmborn@perkinscoie.com

10

11

Irfan A. Lateef (SBN 204004)
Kendall M. Loebbaka (SBN 285908)

12

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St. Suite 1400

13

Irvine, CA 92614

14

15

*Attorneys for Defendant HTC AMERICA, INC.*

16

17

18

19

20

21

22

23

24

25

26

27

28

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

By:  *s/ Franklin D. Cordell*
Franklin D. Cordell
fcordell@gordontilden.com
Jeffrey M. Thomas
jthomas@gordontilden.com
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154

LEE TRAN & LIANG LLP
Lauren Sliger
Lauren.Sliger@ltlattorneys.com
Roozbeh Gorgin
Roozbeh.Gorgin@ltlattorneys.com
601 South Figueroa St., Suite 3900
Los Angeles, CA 90017

*Attorneys for Defendants Huawei Devices USA, Inc.,*
*Huawei Technologies USA, Inc., and Futurewei*
*Technologies, Inc.*

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 17 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

1

LANE POWELL PC

2

By: /s/ Gregory F. Wesner

3      Gregory F. Wesner, WSBA #30241
        Tiffany Scott Connors, WSBA #41740

4      LANE POWELL PC
        1420 Fifth Avenue, Suite 4200

5      P.O. Box 91302
        Seattle, WA 98111-9402

6      Email:wesnerg@lanepowell.com
        connorst@lanepowell.com

7      Telephone:  206-223-7272

8

9      James V. Mahon

10     ANDREWS KURTH LLP
        4505 Emperor Blvd, Suite 330

11     Durham, NC 27703
        Email JamesMahon@Andrewskurth.com

12     Telephone:  919-864-7210

13

14     John H. McDowell, Jr.
        Benjamin J. Setnick

15     ANDREWS KURTH LLP
        1717 Main Street, Suite 3700

16     Dallas, Texas 75201
        Email: johnmcdowell@andrewskurth.com

17     bensetnick@andrewskurth.com

18     Telephone:        214-659-4400
        Facsimile:        214-915-1434

19

20     *Attorneys for Defendants Sony Mobile Communications
        (USA) Inc.*

21

22

23

24

25

26

27

28

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 18 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

1

UPSHAW PLLC

2

By:  *s/ Jacqueline M. Lee*

3

Jacqueline M. Lee (*pro hac vice*)
By:  *s/Everett Upshaw*

4

Everett Upshaw (*pro hac vice*)
811 S. Central Expressway, Suite 307

5

Richardson, TX 75080
Telephone: (214) 680-6005

6

Fax: (214) 865-6086

7

Email: *jacquelinelee@everettupshaw.com*
*everettupshaw@everettupshaw.com*

8

9

SUMMIT LAW GROUP, PLLC

10

By:  *s/Molly A. Terwilliger*
Molly A. Terwilliger, WSBA #28449

11

Summit Law Group PLLC
315 5th Ave. S., Ste. 1000

12

Seattle, WA 98104
Telephone: (206) 676-7000

13

Fax: (206) 676-7001

14

Email: *mollyt@summitlaw.com*

15

*Attorneys for ZTE (USA) Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 19 -

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DLA PIPER LLP (US)
/s/ Andrew R. Escobar
Stellman Keehnel, WSBA No. 9309
Andrew R. Escobar, WSBA No. 42793
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044
Tel: 206.839.4800
Fax: 206.839.4801
E-mail:  stellman.keehnel@dlapiper.com
 andrew.escobar@dlapiper.com

DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California  94303-2215
Tel: 650.833.2000
Fax: 650.833.2001
Mark Fowler, admitted pro hac vice
Brent Yamashita, admitted pro hac vice
Erik Fuehrer, admitted pro hac vice
Asa Wynn-Grant, admitted pro hac vice
E-mail:  mark.fowler@dlapiper.com
brent.yamashita@dlapiper.com
erik.fuehrer@dlapiper.com
asa.wynngrant@dlapiper.com

*Attorneys for Defendants
Samsung Electronics Co., Ltd., Samsung Electronics
America, Inc., And Samsung Research America, Inc.*

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 20 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1

1

2                              **CERTIFICATE OF SERVICE**

3          I hereby certify that on the 22nd day of January, 20__, I electronically filed the

4    foregoing with the Clerk of the Court using the CM/ECF system which will send notification

5    of such filing to the following:

6

7    Timothy S. DeJong              tdejong@ssbls.com. abuck@ssbls.com

8    Jacob S. Gill                  jgill@stollberne.com. jsloan@stollberne.com

9    Robert Alan Shlachter          rschlachter@stollberne.com

10
     Derek Linke                    linke@newmanlaw.com, docketing@newmanlaw.com,;
11                                  sarah@newmanlaw.com

12   Keith P. Scully                keith@newmanlaw.com, charlotte@newmanlaw.com,
13                                  docketing@newmanlaw.com; sarah@newmanlaw.com

14   Kevin L. Russell               kevin@chernofflaw.com,

15
     Stellman Keehnel               stellman.keehnel@dlapiper.com,
16                                  patsy.howson@dlapiper.com

17   Jeffrey M. Thomas              jthomas@gordontilden.com, chudson@gordontilden.com

18
     Franklin Dennis Cordell        fcordell@gordontilden.com, jlucien@gordontilden.com
19
     James W. Morando               JMorando@fbm.com, Calendar@fbm.com,
20                                  bheuss@fbm.com

21
     John H. Jamnback               jjamnback@yarmuth.com, sstephens@yarmuth.com
22
     Gregory F. Wesner              wesnerg@lanepowell.com, brownj@lanepowell.com,
23                                  docketing-sea@lanepowell.com

24
     Molly A. Terwilliger           mollyt@summitlaw.com, deniseb@summitlaw.com,
25                                  kristeno@summitlaw.com

26
     Ryan McBrayer                  RMcBrayer@perkinscoie.com,
27                                  NReynolds@perkinscoie.com,
                                    docketsea@perkinscoie.com
28

*Defendants' Motion to Strike Infringement Contentions*     **HILLIS CLARK MARTIN & PETERSON P.S.**
(2:14-cv-01025-MJP) - 21 -                                  1221 Second Avenue, Suite 500
                                                            Seattle, Washington  98101-2925
                                                            Telephone: (206) 623-1745
                                                            Facsimile: (206) 623-7789

30689\4734275.1

1

2
3

Enoch H. Liang                    Enoch.Liang@ltlattorneys.com,
                                  Francine.McGinity@ltlattorneys.com

4
5

Lauren Sliger                     lauren.sliger@ltlattorneys.com,
                                  edgar.martinez@ltlattorneys.com

6
7

Tiffany Scott Connors             connorst@lanepowell.com, docketing-
                                  SEA@lanepowell.com,
                                  hooperl@lanepowell.com, sheaffers@lanepowell.com

8
9

Andrew Ramiro Escobar             andrew.escobar@dlapiper.com,
                                  karen.hansen@dlapiper.com

10

Asa Wynn-Grant                    asa.wynngrant@diapiper.com

11
12

Brent Yamashita                   brent.yamashiita@dlapiper.com
Julia Donna                       Woog jwoog@yarmuth.com, kkennedy@yarmuth.com

13
14

Michael J. Engle                  MEngle@perkinscoie.com, mheap@perkinscoie.com

Colin Barry Heideman              2cbh@knobbe.com, colin.heideman@knobbe.com,
                                  litigation@knobbe.com

15
16
17
18

Frank A. DeCosta                  frank.decosta@finnegan.com,
                                  raymond.smith@finnegan.com, seth.katz@finnegan.com,
                                  travis.smith@finnegan.com

19
20

Forrest A. Jones                  forrest.jones@finnegan.com,
                                  raymond.smith@finnegan.com,
                                  seth.katz@finnegan.com, travis.smith@finnegan.com

21
22
23

Christopher M. Kurpinski          christopher.kurpinski@finnegan.com,
                                  raymond.smith@finnegan.com, seth.katz@finnegan.com,
                                  travis.smith@finnegan.com

24

John Mulcahy                      john.mulcahy@finnegan.com

25

Scott D Stimpson                  sstimpson@sillscummis.com

26

Vincent M. Ferraro                vferraro@sillscummis.com

27
28

David C. Lee                      dlee@sillscummis.com

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 22 -

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

| | |
|---|---|
| Katherine M. Lieb | klieb@sillscummis.com |
| Irfan A Lateef | irfan.lateef@knobbe.com, Litigation@knobbe.com |
| Kendall M Loebbaka | Kendall.Loebbaka@knobbe.com, Litigation@knobbe.com |
| Jacqueline M. Lee | jacquelinelee@everettupshaw.com, contact@everettupshaw.com |
| Christina J McCullough | CMcCullough@perkinscoie.com, DocketSEA@perkinscoie.com, ypoletaeva@perkinscoie.com |
| Erik Fuehrer | erik.fuehrer@dlapiper.com, christine.kunis@dlapiper.com |
| John H. McDowell | johnmcdowell@andrewskurth.com, debbiereese@andrewskurth.com |
| James V. Mahon | jamesmahon@andrewskurth.com |
| Benjamin J. Setnick | bensetnick@andrewskurth.com, debbiereese@andrewskurth.com |
| Everett McClyde Upshaw | everettupshaw@everettupshaw.com, contact@everettupshaw.com |
| Kyle M. Amborn | KAmborn@perkinscoie.com |

DATED this 22nd day of January, 2015, at Seattle, Washington.

By   s/Eric D. Lansverk
Eric D. Lansverk, WSBA #17218
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
E-Mail: eric.lansverk@hcmp.com

ND: 16692.019 4843-9391-9265v1

*Defendants' Motion to Strike Infringement Contentions*
(2:14-cv-01025-MJP) - 23 -

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4734275.1