# EXHIBIT 2

**PERKINSCOIE**

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T. +1.206.359.8000
F. +1.206.359.9000
perkinscoie.com

November 21, 2014

Ryan J. McBrayer
RMcBrayer@perkinscoie.com
D.  (206) 359-3073
F.  (206) 359-4073

**VIA E-MAIL**

Timothy S. DeJong, Esq.
Stoll Berne
209 SW Oak St., Suite 500
Portland, OR 97204
tdejong@stollberne.com

Re:   *REC Software USA, Inc. v. Motorola Mobility LLC*, Case No. 2:14-cv-01056-MJP
       Deficiencies in REC's Disclosure of Asserted Claims and Infringement Contentions

Dear Tim:

I am writing to address numerous deficiencies in REC's Disclosure of Asserted Claims and Infringement Contentions, dated November 7, 2014. REC's Contentions fail to meet the requirements of the Western District's Local Patent Rules in ways that will materially impact Motorola's ability to provide full and complete non-infringement and invalidity contentions. Accordingly, we request that REC address and correct these deficiencies immediately.

1.   **Failure to Provide Proper Claim-by-Claim Infringement Analysis**

First and foremost, REC has not provided a proper element-by-element infringement analysis. LPR 120(c) requires REC to provide a "chart identifying specifically where each element of each Asserted Claim is found within each Accused Device." REC's contentions, however, provide no chart and do not explain, let alone in the specific manner required, where, how, and by whom each claim element is practiced.

REC's Appendix A is not an infringement "chart" as required by LPR 120(c). Rather, Appendix A is a lengthy and vague narrative, that is largely irrelevant to the required infringement analysis. For example, Appendix A includes a technology tutorial of sorts that appears to have been copied from REC's *Markman* brief in its previous case, along with nearly 200 pages of "Endnotes" consisting entirely of source code.  Appendix A makes no effort to tie the background technology discussion or source code to the asserted claims or the specific Accused Devices. The limited section of Appendix A that even addresses the Asserted Claims is a narrative that fails to provide the precise mapping of infringement allegations to claim elements and Accused Devices that the local rules require.

Further, REC has not provided infringement allegations on an element-by-element basis for each Accused Device (e.g., each specific combination of (1) mobile hardware, (2) pre-installed

Timothy S. DeJong, Esq.
November 21, 2014
Page 2

applications, and (3) operating systems that REC accuses of infringement). Instead, REC's Contentions provide only a generic analysis of the so-called "default Android Operating System" along with a purportedly "exemplary" list of mobile devices, pre-installed software, and operating systems that are potentially accused of infringement in Appendix B. REC's approach is deficient in at least two ways. First, it is not sufficient to provide exemplary lists of accused hardware and software. REC must specify the exact combination of hardware and software accused of infringement. *See* LPR 120(c) (REC's chart must "identify[] specifically where each element of each Accused Claim is found within each Accused Device"). Second, for each combination of accused hardware and software, REC must then provide specific infringement contentions for each claim element. *Id*. REC's generic and undifferentiated allegations are inadequate to put the various devices listed in Appendix B properly at issue and prevent Motorola from preparing specific non-infringement allegations. Motorola is not required to guess at which combinations of mobile devices, pre-installed software, and operating systems are accused of infringement, nor is it required to guess at how REC believes such combinations infringe the asserted claims. Particularly in view of the public nature of Motorola's products and the Android source code, and in light of Motorola's previous notice to REC regarding where this code could be found, REC has no reasonable basis for refusing to provide the level of specificity required by the Local Patent Rules.

## 2.      Unsubstantiated Joint Infringement Allegations

REC failed to provide even *prima facie* allegations of purported joint infringement.  If REC is asserting joint infringement by multiple parties, it must identify those parties and specify the alleged role of each party with respect to each asserted claim element and each Accused Device. *See* LPR 120(d). Moreover, for each asserted claim and Accused Device, REC must explain how Motorola directs or controls the actions of the alleged joint infringers that REC should have identified as practicing each method step.

REC has wholly failed to meet these requirements. REC has not specifically identified any alleged joint infringers; it makes only a vague reference to Motorola's "customers." REC has also not specified the alleged joint infringers' roles in performing each asserted claim element, and has not explained the basis for contending that the joint infringers operated under Motorola's direction or control. Indeed, REC provides no chart at all, let alone one that identifies which method steps are allegedly practiced by other parties, which parties practice those other steps, and how.  These defects must be remedied immediately to allow Motorola to respond in its upcoming non-infringement contentions.

Because REC's Contentions imply that its joint infringement allegations may evolve over the course of this litigation, Motorola has served an interrogatory on this issue. This interrogatory, of course, imposes a continuing obligation on REC to disclose the complete basis for its joint

Timothy S. DeJong, Esq.
November 21, 2014
Page 3

infringement allegations. To be clear, REC's requirement to respond to Motorola's interrogatory does not relieve REC from immediately remedying the deficiencies in REC's Contentions.

Further, we are concerned that REC's apparently baseless joint infringement contentions may be a back-door attempt to seek inducement liability. As you know, Motorola cannot have induced infringement of the asserted claims of the '936 patent because Motorola had no knowledge of the patent until after it expired. While we cannot discern the basis for REC's joint infringement allegations from its contentions, as discussed above, it appears that REC may be trying to cast allegedly infringing activities by Motorola's customers as joint infringement instead of induced infringement. Such an attempt is obviously improper.

### 3. Unsubstantiated Doctrine of Equivalents Allegations

REC also has not provided adequate allegations of infringement under the doctrine of equivalents. It is not permissible under the Local Patent Rules to "reserve the right to present further facts to support assertions of infringement under the doctrine of equivalents." Rather, if REC intends to assert infringement based on the doctrine of equivalents with respect to any claim element, it must immediately identify those elements which it contends are infringed under the doctrine of equivalents, *see* LPR 120(e), and provide a detailed explanation of that theory on a element-by-element basis.

### 4. Improper Allegations that Motorola Made, Offered to Sell, Sold, and Imported the Claimed Methods

Finally, REC contends that Motorola has directly infringed the asserted claims of the '936 patent by making, testing, using, offering to sell, selling, importing, and developing and testing the Accused Devices. REC has only asserted method claims, which can only be infringed by *practicing* the claimed method. *See*, *e.g.*, *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 734 F.3d 1361, 1382 (Fed. Cir. 2013) ("For method patent claims, infringement occurs when a party performs all of the steps of the claimed method"). It is not possible for Motorola to have directly infringed the asserted method claims by, for instance, "making" a method. Likewise, it is impossible to infringe a method claim by "offering to sell," "selling," or "importing" the method or the Accused Devices. Accordingly, we request that REC immediately drop the improper allegations that Motorola has directly infringed the asserted methods by making, offering to sell, selling, and importing devices allegedly capable of performing those methods. Such allegations are also objectively baseless.

As soon as reasonably possible, and no later than December 3, 2014, please provide Infringement Contentions that are compliant with the Local Patent Rules. At a minimum, these must include: 1) a claim chart that identifies specifically where each element of each asserted claim is found in each accused device; 2) a full and complete description of the basis for REC's

Timothy S. DeJong, Esq.
November 21, 2014
Page 4

joint infringement allegations, including an identification of all third parties and the basis for any contention that Motorola directs and controls such third parties; 3) an identification of any claim elements that REC contends are infringed under the doctrine of equivalents; and 4) an appropriately tailored identification of the acts identified in 35 U.S.C. § 271(a) that REC alleges to be infringing. REC's failure to provide adequate contentions will materially inhibit Motorola's ability to adequately respond in its upcoming LPR 121 Non-Infringement and Invalidity Contentions and will prejudice Motorola by requiring it to address objectively baseless allegations.

Please feel free to call me if you would like further clarification on any of these issues.

Very truly yours,

Ryan J. McBrayer

cc:     Defendants' Counsel