# EXHIBIT 3



# FARELLA BRAUN + MARTEL LLP

EUGENE Y. MAR
emar@fbm.com
D 415.954.4927

December 4, 2014

*Via E-Mail*

Timothy S. DeJong, Esq.
Stoll Berne
209 SW Oak St., Suite 500
Portland, OR 97204
tdejong@stollberne.com

Re: *REC Software USA, Inc. v. Dell Inc.*, Case No. 2:14-cv-01048-MJP
Deficiencies in REC's Disclosure of Asserted Claims and Infringement Contentions

Dear Tim:

I am writing to address numerous deficiencies in REC's Disclosure of Asserted Claims and Infringement Contentions, dated November 7, 2014. REC's Contentions fail to meet the requirements of the Western District's Local Patent Rules in ways that will materially impact Dell's ability to provide full and complete non-infringement and invalidity contentions. Accordingly, we request that REC address and correct these deficiencies immediately.

1. **Failure to Provide Proper Element-by-Element Infringement Analysis**

First and foremost, REC has not provided a proper element-by-element infringement analysis. LPR 120(c) requires REC to provide a "<u>chart</u> identifying <u>specifically</u> where each element of each Asserted Claim is found within each Accused Device."

REC's contentions identify Dell's Aero AT&T, Streak 5 AT&T, Streak 7 No Carrier version, Streak 7 T-Mobile, and Venue No Carrier version as the Accused Devices. REC's contentions, however, provide no chart and do not explain, let alone in the specific manner required, where, how, and by whom each claim element is practiced in each Dell Accused Device.

Specifically, REC has not provided the required infringement allegations on an element-by-element basis for each Accused Device as required by the Court's Local Patent Rules ("LPR"). REC is required to do so, for example, as to each specific combination of (1) mobile device, (2) pre-installed applications, and (3) operating systems that REC accuses of



Timothy S. DeJong, Esq.
December 4, 2014
Page 2

infringement. Instead, REC's Contentions provide no reference whatsoever to any Dell product and instead merely provide a generic analysis of what it describes as a "default Android Operating System" along with a purportedly "exemplary" list of mobile devices, pre-installed software, and operating systems that are potentially accused of infringement in Appendix B. REC's approach is deficient in at least three ways.

First, merely providing asserted "exemplary" lists of accused hardware and software is not sufficient. REC must specify the exact combination of hardware and software accused of infringement, including which specific versions of the Android Operating System are found on each Dell Accused Device. *See* LPR 120(c) (REC's chart must "identify[] specifically where each element of each Accused Claim is found within each Accused Device").

Second, for each combination of accused hardware and software, REC must then provide specific infringement contentions for each claim element as to each accused product. *Id.* REC's generic and undifferentiated allegations are inadequate to put the various Dell devices listed in Appendix B properly at issue. They also prevent Dell from preparing specific non-infringement allegations. Particularly in view of the public nature of Dell's products and the Android source code, and in light of Dell's previous notice to REC regarding where this code could be found, REC has no reasonable basis for refusing to provide the level of specificity required by the Local Patent Rules.

Third, REC has not provided any basis for why it contends all versions of the "default Android Operating System" operate in the same manner with regard to the accused functionalities.

We also observe that REC's Appendix A is not an infringement "chart" as required by LPR 120(c). Rather, Appendix A is a lengthy and vague narrative, that is largely irrelevant to the required infringement analysis. For example, Appendix A includes a technology tutorial of sorts that appears to have been copied from REC's *Markman* brief in its previous case, along with nearly 200 pages of "Endnotes" consisting entirely of source code. Appendix A makes no effort to tie the background technology discussion or source code to the asserted claims or the specific Accused Devices. The limited section of Appendix A that even addresses the Asserted Claims is a narrative that fails to provide the precise mapping of infringement allegations to claim elements that the local rules require.

2.  **Unsubstantiated Joint Infringement Allegations**

While REC's infringement contentions purport to generally assert infringement based on some type of alleged "joint infringement", in its contentions REC has failed to provide even *prima facie* allegations of purported joint infringement. In order for REC to assert joint infringement by multiple parties, it must identify those parties and specify the alleged role of each party with respect to each asserted claim element and each Accused Device. *See* LPR

30689\4668200.1



Timothy S. DeJong, Esq.
December 4, 2014
Page 3

120(d). Moreover, for each asserted claim and Dell Accused Device, REC must explain how Dell directs or controls the actions of the alleged joint infringers that REC should have identified as practicing each method step.

REC has wholly failed to meet these requirements. REC has not specifically identified any alleged joint infringers; it makes only a vague reference to Dell's "customers." REC has also not specified the alleged joint infringers' roles in performing each asserted claim element, and has not explained the basis for contending that the joint infringers operated under Dell's direction or control. Indeed, REC provides no chart at all, let alone one that identifies which method steps are allegedly practiced by other parties, which parties practice those other steps, and how. These defects must be remedied immediately to allow Dell to respond in its upcoming non-infringement contentions.

Further, we are concerned that REC's apparently baseless joint infringement contentions may be a back-door attempt to seek inducement liability. As you know, Dell cannot have induced infringement of the asserted claims of the '936 patent because Dell had no knowledge of the patent until after it expired. While we cannot discern the basis for REC's joint infringement allegations from its contentions, as discussed above, it appears that REC may be trying to cast allegedly infringing activities by Dell's customers as joint infringement instead of induced infringement. Such an attempt is obviously improper.

3. **Unsubstantiated Doctrine of Equivalents Allegations**

REC also has not provided adequate allegations of infringement under the doctrine of equivalents. It is not permissible under the Local Patent Rules to "reserve the right to present further facts to support assertions of infringement under the doctrine of equivalents." Rather, if REC intends to assert infringement based on the doctrine of equivalents with respect to any claim element, it must immediately identify those elements which it contends are infringed under the doctrine of equivalents, *see* LPR 120(e), and provide a detailed explanation of that theory on a element-by-element basis.

4. **Improper Allegations that Dell Made, Offered to Sell, Sold, and Imported the Claimed Methods**

Finally, REC contends that Dell has directly infringed the asserted claims of the '936 patent by making, testing, using, offering to sell, selling, importing, and developing and testing the Accused Devices. REC has only asserted method claims, which can only be infringed by *practicing* the claimed method. *See, e.g., LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 734 F.3d 1361, 1382 (Fed. Cir. 2013) ("For method patent claims, infringement occurs when a party performs all of the steps of the claimed method"). It is not possible for Dell to have directly infringed the asserted method claims by, for instance, "making" a method. Likewise, it is impossible to infringe a method claim by "offering to sell," "selling," or "importing" the method



Timothy S. DeJong, Esq.
December 4, 2014
Page 4

or the Accused Devices. Accordingly, we request that REC provide amended contentions to withdraw the improper allegations that Dell has directly infringed the asserted methods by making, offering to sell, selling, and importing devices allegedly capable of performing those methods. Such allegations are also objectively baseless.

Please confirm that REC will provide amended Infringement Contentions that are compliant with the Local Patent Rules. At a minimum, these must include: 1) a claim chart that identifies specifically where each element of each asserted claim is found in each Accused Device; 2) what versions of the Android operating system are found on each Accused Device and REC's basis for why it contends all versions of the "default Android Operating System" operate in the same manner with regard to the accused functionalities; 3) a full and complete description of the basis for REC's joint infringement allegations, including an identification of all third parties and the basis for any contention that Dell directs and controls such third parties; 4) an explanation of where any claim elements that REC contends are infringed under the doctrine of equivalents are found in the Accused Products and how they infringe under the doctrine of equivalents; and 5) an appropriately tailored identification of the acts identified in 35 U.S.C. § 271(a) that REC alleges to be infringing. REC's failure to provide adequate contentions will materially inhibit Dell's ability to adequately respond in its upcoming LPR 121 Non-Infringement and Invalidity Contentions and will prejudice Dell by requiring it to address objectively baseless allegations.

Please feel free to call me if you would like further clarification on any of these issues.

Very truly yours,

Eugene Y. Mar