# EXHIBIT 5

PERKINS COIE

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T. +1.206.359.8000
F. +1.206.359.9000
perkinscoie.com

September 26, 2014

Ryan J. McBrayer
RMcBrayer@perkinscoie.com
D.  (206) 359-3073
F.  (206) 359-4073

**VIA E-MAIL**

Timothy S. DeJong
Stoll Berne
209 SW Oak St., Suite 500
Portland, OR 97204
tdejong@stollberne.com

**Re:**   *REC Software USA, Inc. v. Motorola, et. al*

Dear Tim:

I represent Motorola in REC Software USA, Inc.'s ("REC") recent case alleging infringement of U.S. Patent No. 5,854,936 ("the '936 patent").  I write additionally on behalf of defendants HTC, Casio, Dell, Kyocera, LG, and ZTE regarding two issues we would like to address early in the case.

First, based upon the products identified in REC's complaints, we understand that REC is accusing certain Android devices of allegedly infringing the '936 patent.  As you know, Android is an open source platform that requires manufacturers of Android devices to make the open-source portions of their software publicly available.  While REC has not yet identified the specific accused functionality, given the general technology of the '936 patent, the defendants anticipate the accused functionalities will be part of the publicly available Android code.  Moreover, because the '936 patent has already expired, all potentially infringing products have been in the marketplace for a considerable period.  Thus, defendants expect that REC's infringement contentions will not only identify each allegedly infringing product with specificity, but also provide a detailed analysis of the publicly-available source code for each of products REC intends to accuse.

In particular, REC's upcoming contentions must include specific citation to publicly available documents and code in a manner that satisfies the Local Patent Rules in the Western District of Washington.  REC must specifically identify which Android version, which files and which lines of the public source code are *or will ever be* alleged to satisfy each claim element.  To the extent there are any differences in REC's theories between products or versions of Android, REC's infringement contentions must also specifically identify those differences now, including by identifying the portions of the source code that differ.  In addition, because this source code is publicly available and because REC should have done this analysis before bringing suit, the defendants understand that REC's infringement contentions will be final and that REC will not change or add detail to its theories once its infringement contentions have been served.  To the

41063-0185/LEGAL123478094.1

Kevin L. Russell
September 26, 2014
Page 2

extent that the defendants' public websites identify the version of Android in their devices, defendants expect that REC's infringement contentions will identify the specific version of Android in each device that REC is accusing of infringement. For your convenience, I have included links to each defendant's website for its Android source code:

- HTC = https://www.htcdev.com/

- Casio = http://www.casiogzone.com/us/download/index.html

- Dell = http://opensource.dell.com/

- Kyocera = http://www.kyoceramobile.com/support/developers/

- LG = http://www.lg.com/global/support/opensource/index

- Motorola = http://www.motorola.com/us/Motorola-Developers/motorola-developers.html

- ZTE = http://support.zte.com.cn/support/news/NewsMain.aspx?type=service

Second, as you know, REC was previously involved in litigation against Microsoft and various other defendants in this district for alleged infringement of the same '936 patent. Because the prior litigation involved the same patent, many of its documents are relevant in this case as well, including for issues such as invalidity, claim construction, damages, and any inequitable conduct or unenforceability. The current defendants therefore would like to receive early production of the prior litigation documents, including those from the case while it was pending in E.D. Va., given their indisputable relevance and given the current defendants' own upcoming deadlines such as for invalidity contentions. Please produce all of the prior litigation documents, and certify that such production is complete, no later than October 6. To the extent any documents contain confidential information, we are happy to receive the production under the Court's default protective order in its Local Patent Rules while the parties work with REC on a protective order for the remainder of the case.

Very truly yours,

Ryan J. McBrayer

cc:     Defendants' Counsel