THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| REC SOFTWARE USA, INC., a Virginia corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>HTC AMERICA, INC., a Washington corporation,<br><br>Defendant/Counter-Plaintiff. | Case No.: 14-cv-01025-MJP (Lead Case)<br><br>Case No. 14-cv-1048-MJP (Non-Lead Case)<br>Case No. 14-cv-1050-MJP (Non-Lead Case)<br>Case No. 14-cv-1053-MJP (Non-Lead Case)<br>Case No. 14-cv-1056-MJP (Non-Lead Case)<br>Case No. 14-cv-1059-MJP (Non-Lead Case)<br>Case No. 14-cv-1060-MJP (Non-Lead Case)<br>Case No. 14-cv-1062-MJP (Non-Lead Case)<br><br>**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS**

Plaintiff REC Software USA, Inc., files this partial opposition to Defendants' Motion to Strike Plaintiff's Infringement Contentions [Dkt. No. 71] filed jointly by defendants Dell Inc.; Dell Products L.P.; HTC America, Inc.; Huawei Device USA Inc.; Huawei Technologies USA, Inc.; Futurewei Technologies, Inc.; LG Electronics U.S.A., Inc.; LG Electronics Mobile Research U.S.A., L.L.C.; LG Electronics MobileComm U.S.A., Inc.; Kyocera Communications, Inc.; Motorola Mobility LLC; Samsung Electronics America, Inc.; Samsung Information Systems America, Inc.; Samsung Telecommunications America, LLC; Samsung Electronics Co., Ltd.; Sony Mobile Communications (USA) Inc.; and ZTE (USA) Inc.

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT
CONTENTIONS** (14-cv-01025-MJP) Page - 1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## I. Plaintiff Withdraws Its Allegations Of Infringement Based On Making, Offering To Sell, Selling And Importing Accused Devices

Plaintiff has asserted that defendants directly infringed independent Claim 1, a method claim, and dependent Claims 2-4, and 6, of U.S. Patent No. 5,854,936 on the basis that defendants used, made, offered to sell, sold, and imported devices that automatically and necessarily performed the method of the asserted claims upon startup.  At the time plaintiff filed its complaints against defendants, and also at the time plaintiff served its infringement contentions on defendants, plaintiff believed in the merits of its claims of direct infringement based upon making, offering to sell, selling, and importing the accused devices.  However, as often happens in patent infringement cases, the Federal Circuit Court of Appeals very recently issued an opinion that has caused plaintiff to reexamine the likelihood of success with respect to such claims, and to make the difficult decision to withdraw its claims of direct infringement based upon making, offering to sell, selling, and importing the Accused Devices.  Plaintiff does not withdraw and continues to pursue its other infringement claims against defendants.

Plaintiff's infringement contentions were served on November 7, 2014.  On December 4, 2014, the Federal Circuit issued the opinion defendants rely upon, *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201 (Fed. Cir. 2014).  *See* Defendants' Motion to Strike at p. 5.  Dell, Inc. ("Dell"), a defendant in the present case, was also a defendant-appellant in *Ericsson*.  Also on December 4, Dell sent plaintiff a letter, requesting that plaintiff withdraw its contentions of infringement based upon making, offering to sell, selling and importing the accused devices. DeJong Decl.,[1] Ex. 1 at 3-4.  Dell did not cite the *Ericsson* case in its letter, but instead cited the dissenting opinion in a different Federal Circuit case, *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 734 F.3d 1361, 1382 (Fed Cir. 2013).  *Id*.  Plaintiff, Dell and other defendants' counsel subsequently conferred by telephone about these issues on January 9, 2015.  Neither Dell, nor

---

[1] "DeJong Decl." refers to the Declaration of Timothy S. DeJong in Support of Plaintiff's Partial Opposition to Defendants' Motion to Strike Plaintiff's Infringement Contentions, filed contemporaneously herewith.

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** (14-cv-01025-MJP) Page - 2

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

1  any other defendant, identified the *Ericsson* case in that conference. Dell and plaintiff continued

2  to confer by email. On January 12, 2015, Dell's counsel discussed the fact that the language it

3  relied upon from the *LifeScan* case was from the dissenting opinion, and cited several other

4  Federal Circuit cases, but not *Ericsson*. In fact, defendants did not identify the *Ericsson* case

5  until they filed this motion to strike on January 22, 2015.

6        It is not clear that *Ericsson* is dispositive of the claims asserted here. However, a January

7  20, 2015, decision of the Northern District of California applied *Ericsson* to grant summary

8  judgment of non-infringement of claims more akin to those asserted by plaintiff. *See Adaptix,*

9  *Inc. v. Apple, Inc.*, --- F.Supp.3d ----, 2015 WL 273140 (N.D. Cal. 2015). The court in *Adaptix*

10  discussed the state of pertinent Federal Circuit case law prior to *Ericsson* and the parties'

11  competing positions:

> Citing the Federal Circuit's decision in *Ricoh Co., Ltd. v. Quanta Computer Inc.*, Defendants argued that they could not have directly infringed because it is undisputed that they merely sold preprogrammed accused handsets and did not perform any of the required steps. *Adaptix* countered with the decision by the Federal Circuit in *SiRF Technology, Inc. v. ITC*, in which the court found direct infringement based on the sale of accused devices preprogrammed to automatically perform certain steps at issue.

16  *Id.* at *1 (footnotes omitted). The court noted that, "[a]s the undersigned struggled to reconcile

17  these holdings following a spirited oral argument, into his lap fell a new Federal Circuit decision

18  issued on December 4, 2014—*Ericsson, Inc. v. D-Link Systems, Inc.*—that reconciled these

19  seemingly contradictory holdings for him." *Adaptix*, 2015 WL 273140 at *1 (footnote omitted).

20  Faced with these developments, plaintiff has no desire to continue to pursue that aspect of its

21  case, and hereby withdraws all contentions of infringement based upon making, offering to sell,

22  selling and importing the accused devices.

23  **II.**    **<u>Plaintiff's Infringement Contentions Satisfy Local Patent Rule 120</u>**

24        "[T]his District's Local Patent Rules 'require both the plaintiff and the defendant in patent

25  cases to provide early notice of their infringement and invalidity contentions, and to proceed

26  with diligence in amending those contentions when new information comes to light in the course

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** (14-cv-01025-MJP) Page - 3

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

1  of discovery. The rules thus seek to balance the right to develop new information in discovery
2  with the need for certainty as to the legal theories.'" *REC Software USA, Inc. v. Bamboo*
3  *Solutions Corp.*, 2012 WL 3527891 at 82 (W.D. Wash. 2012) (quoting *O2 Micro Int'l Ltd. v.*
4  *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006)).

5        The Local Patent Rules "do not, as is sometimes misunderstood, require the disclosure of
6  specific evidence nor do they require a plaintiff to prove its infringement case." *Technology*
7  *Licensing Corporation v. Grass Valley USA, Inc.*, 2014 WL 3752108 at *2 (N.D. Cal. 2014)
8  (citations and quotation marks omitted). "But a patentee must nevertheless disclose what in each
9  accused instrumentality it contends practices each and every limitation of each asserted claim ***to***
10 ***the extent appropriate information is reasonably available to it***." *Id*. (emphasis added)
11 (citations and quotation marks omitted).

12       <u>Local Patent Rule 120(b)</u>

13       Specifically, Local Patent Rule 120(b) requires a party claiming infringement to disclose
14 each "apparatus, product, device, process, method, act, or other instrumentality" accused of
15 infringing the asserted claims. "Each method or process must be identified by name, ***if known***,
16 or by any product, device, or apparatus which, when used, allegedly results in the practice of the
17 claimed method or process", and each such "product, device, and apparatus must be identified by
18 name or model number, ***if known***". Local Patent Rule 120(b) (emphasis added).

19       Plaintiff's infringement contentions include the disclosures required under Local Patent
20 Rule 120(b), identifying the products, devices, and apparatuses which, when used, result in the
21 practice of the method of the asserted claims, as follows:

22     The products analyzed (referred to herein collectively as the "Accused Devices"
23     or the "Accused Systems") are Defendant's mobile phones and/or tablets that
    include and implement at least (i) an operating system, (ii) certain pre-installed
24     application programs, and (iii) a Dalvik Virtual Machine ("Dalvik VM"),
    including any Dalvik VM included with any one or more of the following
25     versions of the Android Operating System software (the "Android system"):

26         Android 1.0                        (API level 1)
        Android 1.1                        (API level 2)

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** (14-cv-01025-MJP) Page - 4

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

```
Android 1.5        (Cupcake)            (API level 3)
Android 1.6        (Donut)              (API level 4)
Android 2.0        (Éclair)             (API level 5)
Android 2.0.1      (Éclair)             (API level 6)
Android 2.1        (Éclair)             (API level 7)
Android 2.2-2.2.3  (Froyo)              (API level 8)
Android 2.3-2.3.2  (Gingerbread)        (API level 9)
Android 2.3.3-2.3.7 (Gingerbread)       (API level 10)
Android 3.0        (Honeycomb)          (API level 11)
Android 3.1        (Honeycomb)          (API level 12)
Android 3.2-3.2.4  (Honeycomb)          (API level 13)
Android 4.0-4.0.2  (Ice Cream Sandwich) (API level 14)
Android 4.0.3      (Ice Cream Sandwich) (API level 15)
```

The default Android Operating System, including the Dalvik VM, for version of the Android system is provided in Appendix C produced herewith.

*In particular, the Accused Systems include the mobile phones and/or tablets identified in Appendix B, produced herewith, that include and implement any one or more of the pre-installed application programs identified in Appendix B, and any one or more of the operating systems identified in Appendix B ....*

Kropp Decl. [Dkt. No. 72], Ex. 1 at Appendix A, pp. 1-2 (emphasis added). In Appendix B and the documents referenced therein, plaintiff provides specific, detailed information concerning the accused devices known to plaintiff. *See* Gill Decl.,[2] Ex. 1 (Dell Appendix B and referenced documents); Ex. 2 (HTC Appendix B and referenced documents); Ex. 3 (Huawei Appendix B and referenced documents); Ex. 4 (LG Appendix B and referenced documents); Ex. 5 (Motorola App. B and referenced documents); Ex. 6 (Samsung Appendix B and referenced documents); Ex. 7 (Sony Appendix B and referenced documents); Ex. 8 (ZTE Appendix B and referenced documents).

Local Patent Rule 120(c)

Plaintiff's infringement contentions include the disclosures required under Local Patent Rule 120(c), describing in Appendix A "specifically where each element of each Asserted Claim is found within each Accused Device". *See* Kropp Decl., Ex. 1 at Appendix A, pp. 54-64 (element-by-element analysis of Claim 1, Preamble); 65-84 (element-by-element analysis of

---

[2] "Gill Decl." refers to the Declaration of Jacob S. Gill in Support of Plaintiff's Partial Opposition to Defendants' Motion to Strike Plaintiff's Infringement Contentions, filed contemporaneously herewith.

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** (14-cv-01025-MJP) Page - 5

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Claim 1, Element (a)); 84-91 (element-by-element analysis of Claim 1, Element (b)); 91-92 (element-by-element analysis of Claim 1, Element (c)); 91-92 (element-by-element analysis of Claim 1, Element (d)); 93-97 (element-by-element analysis of Claim 1, Element (e)); 98-103 (element-by-element analysis of Claim 1, Element (f)); 104-06 (element-by-element analysis of Claim 2); 107- 08 (element-by-element analysis of Claim 3); 109-13 (element-by-element analysis of Claim 4); 114-15 (element-by-element analysis of Claim 6).

In particular, Appendix A to the infringement contentions describes the functionality of the Android operating system as it relates to the execution of applications, or "apps". For example, Appendix A explains:

> An Android program (or application, sometimes referred to as an 'app') is contained in an .apk file that includes one or more .dex files. Each .dex file is prepared from one or more .class files (*i.e.*, compiled from Java source code), which are the fundamental building blocks of programs that run on a device. These .class files are modules that link to one another as discussed in the Background section, above. The Dalvik VM loads or "maps" and executes multiple classes from the .apk file.

Kropp Decl., Ex. 1 at Appendix A, p. 12. Appendix A further explains that such applications "are executed (run) directly within the Dalvik VM" (*id*. at Appendix A, p. 10), which is a "virtual machine that runs on" and is "included as an integrated component of the Accused Devices that include and implement the Android system" (*id*. at Appendix A, p. 11).

Defendants attack plaintiff's infringement contentions by asserting that plaintiff "fails to identify anywhere, in chart or verbiage, where or how any preinstalled applications satisfies a claim limitation." Defendants' Motion to Strike at p. 8. Defendants are wrong.

Plaintiff, in its element-by-element infringement analysis set forth in Appendix A, identifies the "second multi-module program" described in the Asserted Claims as "a .dex program or its corresponding derived optimized .dex program (*i.e.*, an .odex program)" consisting of "(i) one class found in the .dex file (such class being a 'discrete module' as referenced in the claims), and (ii) any class (or classes) that such 'discrete module' links to." Kropp Decl., Ex. 1 at Appendix A, p. 54. In other words, the claimed "second multi-module

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** (14-cv-01025-MJP) Page - 6

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

program is the program that the operating system is attempting to load or 'map' and run, whereas the first program is comprised of components of the operating system itself (including portions of the Dalvik VM) that are working to load or 'map' and run the second multi-module program." *Id*. at Appendix A, p. 57.  And the documents referenced in Appendix B expressly identify, for each known Accused Device, the known applications that plaintiff asserts as being such a "Multi-Module Program Forming Part Of An Accused Product".  *See*, *e.g.*, Gill Decl., Ex. 1 at pp. 7, 14, 19, 27; Ex. 2 at pp. 12, 19, 27, 35, 43, 51; Ex. 3 at pp. 6, 11, 17, 23, 29, 35; Ex. 4 at pp. 8, 14, 19, 24, 29, 36; Ex. 5 at pp. 10, 19, 30, 39, 47, 54; Ex. 6 at pp. 7, 13, 20, 30, 38, 45; Ex. 7 at pp. 7, 16, 25, 34; and Ex. 8 at pp. 7, 12, 18, 24.

Defendants also attack plaintiff's infringement contentions by asserting that plaintiff "neglects to explain its basis for why it contends the accused functionality operates in the same manner across all 32 versions of Android and all Accused Products."  Defendants' Motion to Strike at p. 11.  Again defendants are wrong.  Plaintiff directly addresses this issue:

> Versions 1.5 to 2.3.7 and 4.0 to 4.0.3 of the Android system do not differ from one another in any way material to these infringement contentions.  Although different versions of the Android system may [include] small changes to the code language, *the operations of the Android system code as relevant to these infringement contentions do not differ amongst these versions*.
>
> It is believed that versions 1.0 and 1.1 of the Android system do not differ from the other versions of the Android system in a way that affects the infringement analysis, but *the source code is not currently publically available*.
>
> It is believed that versions 3.0, 3.1, and 3.2-3.2.4 of the Android system do not differ from the other versions of the Android system in a way that affects the infringement analysis, but *the source code is not currently publically available*.

Kropp Decl., Ex. 1 at Appendix A, pp. 11-12 (emphasis added).  That statement, along with the rest of plaintiff's infringement contentions, is more than sufficient to "crystallize" plaintiff's theory of the case and satisfy plaintiff's obligations under Local Patent Rule 120.  See Grecia v. Apple Inc., 2015 WL 81893 at *3 (N.D. Cal. 2015) (denying motion to strike or compel amendment where the infringement contentions "provide[d] adequate notice of [plaintiff]'s theory of infringement").

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** (14-cv-01025-MJP) Page - 7

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

1  In addition, defendants' attack should be rejected because of their failure to assert any
2  basis to question plaintiff's position, either in the instant motion or defendants' respective non-
3  infringement contentions. *C.f. Implicit Networks Inc. v. Hewlett-Packard Co.*, 2011 WL
4  3954809 at *2 (N.D. Cal. 2011) (rejecting defendant's challenge to plaintiff's categorization of
5  products that "function in essentially the same way and, therefore, infringe each claim in
6  essentially the same way" and noting that "[defendant] contests this assertion, but provides no
7  specific argument, much less evidence, that any of the products grouped together in the
8  categories used by [plaintiff] actually function in different ways that make [plaintiff]'s
9  categorization improper").

10  Indeed, defendants' non-infringement contentions comprise nothing more than bare
11  denials and attacks on the substance of plaintiff's infringement contentions. *See*, *e.g.*, Gill Decl.
12  Ex. 9 at pp. 9-20. Local Patent Rule 121 "requires, as to each asserted claim element, either an
13  admission that the accused product contains the element or a denial that "set[s] forth in detail the
14  basis for that contention." *G Vincent Ltd. v. Dux Area Inc.*, 2009 WL 5125387 at *2 (W.D.
15  Wash. 2009). Accordingly, defendants' non-infringement contentions are a more appropriate
16  subject of a motion to strike. *See*, *e.g.*, *id.* (granting motion to compel compliance with Local
17  Patent Rule 121 where defendant's non-infringement contentions "consist[ed] of nothing more
18  than a chart reciting various claim terms, and utterly unexplained denials of infringement").

19  <u>Leave to Amend</u>
20  Finally, if the Court believes that clarification of plaintiff's infringement contentions is
21  necessary, plaintiff requests leave to amend its infringement contentions. *See* Local Patent Rule
22  124 (permitting amendment for good cause); *see also*, *e.g.*, *Technology Licensing Corporation*,
23  2014 WL 3752108 at *4 ("Because TLC's contentions are insufficient, amendment is necessary.
24  Any amended contentions shall be served within 14 days ").
25  ///
26  ///

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** (14-cv-01025-MJP) Page - 8

**III. Conclusion**

For the reasons stated in Section I, above, plaintiff withdraws all contentions of infringement based upon making, offering to sell, selling and importing the accused devices. Plaintiff does not withdraw, and Plaintiff continues to pursue its other infringement claims against defendants. With respect to plaintiff's remaining claims, and for the reasons set forth in Section II, above, Defendants' Motion to Strike Plaintiff's Infringement Contentions should be denied, or, in the alternative, if the Court believes that clarification of plaintiff's infringement contentions is necessary, plaintiff should be granted leave to amend.

DATED this 2nd day of February, 2015.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Timothy S. DeJong
**Timothy S. DeJong,** WSBA No. 20941
**Robert A. Shlachter**, (admitted *pro hac vice*)
**Jacob S. Gill** (admitted *pro hac vice*)

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email:   tdejong@stollberne.com
         rshlachter@stollberne.com
         jgill@stollberne.com

-AND-

**Kevin L. Russell** (admitted *pro hac vice*)
CHERNOFF, VILHAUER, MCCLUNG & STENZEL, LLP
601 SW 2ND Avenue, Suite 1600
Portland, OR 97204
Telephone: (503) 227-5631
Email: kevin@chernofflaw.com

-AND-

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** (14-cv-01025-MJP) Page - 9

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

**Keith Scully**, WSBA No. 28677
**Derek Linke**, WSBA No. 38314
NEWMAN DU WORS LLP
2101 Fourth Ave, Suite 1500
Seattle, Washington 98121
Telephone:  (206) 274-2800
Email: keith@newmanlaw.com
       linke@newmanlaw.com

**Attorneys for Plaintiff/Counter-Defendant REC Software USA, Inc.**

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS** (14-cv-01025-MJP) Page - 10

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

# CERTIFICATE OF SERVICE

I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Ryan McBrayer | RMcBrayer@perkinscoie.com, docketsea@perkinscoie.com, NReynolds@perkinscoie.com |
| Christina J McCullough | CMcCullough@perkinscoie.com, ypoletaeva@perkinscoie.com |
| Kyle M Amborn | KAmborn@perkinscoie.com, ypoletaeva@perkinscoie.com |
| Michael J. Engle | MEngle@perkinscoie.com, mheap@perkinscoie.com |
| Andrew C Sonu | andy.sonu@finnegan.com |
| Christopher M Kurpinski | christopher.kurpinski@finnegan.com, raymond.smith@finnegan.com, seth.katz@finnegan.com, travis.smith@finnegan.com |
| Forrest A Jones | forrest.jones@finnegan.com, raymond.smith@finnegan.com, seth.katz@finnegan.com, travis.smith@finnegan.com |
| Andrew Ramiro Escobar | andrew.escobar@dlapiper.com, karen.hansen@dlapiper.com |
| Brent Yamashita | brent.yamashita@dlapiper.com |
| Asa Wynn-Grant | asa.wynngrant@dlapiper.com |
| Erik Fuehrer | erik.fuehrer@dlapiper.com, christine.kunis@dlapiper.com |
| Mark D Fowler | mark.fowler@dlapiper.com |
| Stellman Keehnel | stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com |
| Benjamin J. Setnick | bensetnick@andrewskurth.com, debbiereese@andrewskurth.com |
| James V. Mahon | jamesmahon@andrewskurth.com, mrutledge@akllp.com |
| John H. McDowell | johnmcdowell@andrewskurth.com, debbiereese@andrewskurth.com |
| Colin Barry Heideman | 2cbh@knobbe.com, colin.heideman@knobbe.com, litigation@knobbe.com |
| Irfan A Lateef | irfan.lateef@knobbe.com, litigation@knobbe.com |

**CERTIFICATE OF SERVICE**
(14-cv-01025-MJP)

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

| # | Name | Email |
|---|------|-------|
| 1 | Kendall M Loebbaka | Kendall.Loebbaka@knobbe.com, litigation@knobbe.com |
| 2 | Katherine M. Lieb | klieb@sillscummis.com |
| 3 | David C. Lee | dlee@sillscummis.com |
| 4 | Scott D Stimpson | sstimpson@sillscummis.com |
| 5 | Derek Linke | linke@newmanlaw.com, docketing@newmanlaw.com, sarah@newmanlaw.com |
| 7 | Keith P Scully | keith@newmanlaw.com, charlotte@newmanlaw.com, ecf@newmanlaw.com |
| 8 | Roozbeh Gorgin | roozbeh.gorgin@ltlattorneys.com, edgar.martinez@ltlattorneys.com |
| 10 | Edward S Quon | edward.quon@ltlattorneys.com, edgar.martinez@ltlattorneys.com |
| 11 | Enoch H Liang | Enoch.Liang@ltlattorneys.com, Francine.McGinity@ltlattorneys.com |
| 13 | Lauren Sliger | lauren.sliger@ltlattorneys.com, edgar.martinez@ltlattorneys.com |
| 14 | Eric David Lansverk | edl@hcmp.com, ms@hcmp.com |
| 15 | Michael Ramsey Scott | michael.scott@hcmp.com, suzanne.powers@hcmp.com |
| 16 | Eugene Mar | EMar@fbm.com, MClaros@fbm.com |
| 17 | James W Morando | JMorando@fbm.com, bheuss@fbm.com, Calendar@fbm.com |
| 19 | Julia F Kropp | jkropp@fbm.com, bwestburg@fbm.com |
| 20 | Everett McClyde Upshaw | everettupshaw@everettupshaw.com, contact@everettupshaw.com |
| 21 | Jacqueline M. Lee | jacquelinelee@everettupshaw.com, contact@everettupshaw.com |
| 23 | Frank A DeCosta | frank.decosta@finnegan.com, raymond.smith@finnegan.com, seth.katz@finnegan.com, travis.smith@finnegan.com |
| 24 | John Mulcahy | john.mulcahy@finnegan.com |
| 26 | Franklin Dennis Cordell | fcordell@gordontilden.com, jlucien@gordontilden.com |

**CERTIFICATE OF SERVICE**
(14-cv-01025-MJP)

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

| | | |
|---|---|---|
| 1 | Jeffrey M Thomas | jthomas@gordontilden.com, chudson@gordontilden.com |
| 2 | Gregory F Wesner | wesnerg@lanepowell.com, brownj@lanepowell.com docketingsea@ lanepowell.com |
| 3-4 | Tiffany Scott Connors | connorst@lanepowell.com, hooperl@lanepowell.com sheaffers@lanepowell.com |
| 5 | John H Jamnback | jjamnback@yarmuth.com, sstephens@yarmuth.com |
| 6 | Julia Donna Woog | jwoog@yarmuth.com, kkennedy@yarmuth.com |
| 7 | Molly A Terwilliger | mollyt@summitlaw.com, deniseb@summitlaw.com, kristeno@summitlaw.com |
| 8-9 | Nicholas Thomas | nthomas@mhlseattle.com, eortiz@mhlseattle.com, mstark@mhlseattle.com |
| 10 | Thomas R Merrick | tmerrick@mhlseattle.com, mbrandt@mhlseattle.com |

DATED this 2nd day of February, 2015.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Timothy S. DeJong
    **Timothy S. DeJong,** WSBA No. 20941
    **Robert A. Shlachter**, (admitted *pro hac vice)*
    **Jacob S. Gill** (admitted *pro hac vice*)

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email:    tdejong@stollberne.com
          rshlachter@stollberne.com
          jgill@stollberne.com

**CERTIFICATE OF SERVICE**
(14-cv-01025-MJP)

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840