THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REC SOFTWARE USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> HTC AMERICA, INC., a Washington corporation et al., <br><br> Defendants. | Lead Case No. 2:14-CV-1025 MJP <br><br> [Consolidated with Non-Lead Case Nos. 2:14-CV-1048-MJP; 2:14-CV-1050-MJP; 2:14-CV-1053-MJP; 2:14-CV-1056-MJP; 2:14-CV-1059-MJP; 2:14-CV-1060-MJP <br><br> **DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF REC SOFTWARE USA, INC'S INFRINGEMENT CONTENTIONS** <br><br> **NOTE ON MOTION CALENDAR: FEBRUARY 6, 2015** |

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

## I. **INTRODUCTION**

From the outset of this proceeding, Plaintiff REC Software USA Inc.'s ("REC's") infringement case has been fraught with legal errors and factual misstatements. After REC served its Infringement Contentions ("ICs"), Defendants immediately brought numerous deficiencies in REC's theories to its attention. Those deficiencies include improper allegations as to joint infringement, boilerplate allegations of infringement by the doctrine of equivalents, and improper assertions of infringement of a method claim based on the sale, offer to sell, making, and importing of mobile devices. After Defendants made several attempts to have REC correct these deficiencies, REC withdrew its allegations as to joint infringement and infringement by the doctrine of equivalents. Dkt. # 72 - 4 [REC's Withdrawal and Clarification] in case no. 2:14-cv-1025 MJP (the "Lead Case"). REC persisted with its improper allegations that Defendants infringed method claims by acts other than the use of the claimed method, even after Defendants provided a number of Federal Circuit cases to the contrary. Finally, after forcing Defendants to bring a Motion to Strike, REC withdrew those allegations. Defendants understand that REC's infringement allegations are now limited to instances where Defendants themselves allegedly used the accused devices in the United States in a manner that practiced the claimed method.

While REC has finally remedied some of the errors in its ICs, the contentions are still deficient under the Local Patent Rules for their lack of specificity. The Court should strike the remainder of REC's ICs.

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 1*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

## II. ARGUMENT

### A. The Court Should Strike REC's ICs for Failing to Provide a Claim Chart for Each Accused Device.

As stated in Defendants' Motion, REC fails to provide "a chart identifying specifically where each element of each Asserted Claim is found *within each Accused Device*" as required by Local Patent Rule 120(c) (emphasis added).  While REC alleges that Appendix A to its ICs provides an "element-by-element infringement analysis," Appendix A is deficient under the law because it does not demonstrate where each element is found *in each accused mobile device* as required by the Local Patent Rules.  Appendix A fails to even mention a single device by name or model number.  Because REC has prejudiced the Defendants' ability to fully prepare their defenses by failing to provide an infringement theory specific to each accused device, the Court should strike its ICs.

The Court should strike Appendix C to the ICs as well because REC has not explained in its ICs or in its opposition to Defendants' Motion to Strike how any portion of the 1.3 million pages (many of which cannot even be opened by standard software tools) relate to its infringement theories or demonstrate how any portion of Appendix C relates to any specific accused device.  Instead, REC merely explains in its Opposition that "[t]he default Android Operating System, including the Dalvik VM, for version of the Android system is provided in Appendix C produced herewith."  Dkt. # 77 in the Lead Case [REC's Opp'n] at 5:8-9.  This does not explain how any portion of Appendix C supports REC's contention that each limitation of each asserted claim is found in any accused product.  Because of this failure, Appendix C does not meet the requirements of the local rules.

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 2*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

**B. REC's ICs Fail to Explain How Any Pre-Installed Application Satisfies Each Claim Element as Required by Local Patent Rule 120(c).**

REC has never explained, either in its ICs or in its Opposition, how any specific preinstalled application on any accused mobile device actually practices each of the limitations of the asserted method claims.  In its ICs, REC alleges that "certain pre-installed applications" running on the accused mobile devices using the Android operating system infringe the patent.  Dkt. # 72-1 in the Lead Case [Kropp Decl.], at App. A, p. 1.  Then, in documents referenced in Appendix B to each set of Infringement Contentions, REC lists pre-installed applications that allegedly practice the claimed method but fails to provide any explanation as to how any of these applications might satisfy a single claim limitation.  *Id.*, at App. B & Dkt. #72-6 in the Lead Case.  Across all of the ICs served in these cases, REC lists literally hundreds of pre-installed applications without any explanation as to how any of them allegedly infringe.  For example, REC suggests that the Amazon MP3 app found on the Dell Streak 7 (WiFi Only) mobile device allegedly practices the claimed method.  Dkt. 72-6 in the Lead Case at REC_DEL_Strk7NoC_0000007.  But nowhere in the ICs does REC explain how or in what manner use of the Amazon MP3 app satisfies each claim limitation.  This omission fails to comply with LPR 120(c) and prejudices the Defendants' ability to prepare their defenses.

In its Opposition, REC asserts that "the claimed 'second multi-module program' is the program that the operating system is attempting to load or 'map' or run, whereas the first program is comprised of components of the operating system itself (including portions of the Dalvik VM) that are working to load or 'map' and run the second multi-module program."  Dkt. # 77 in the Lead Case at 6:26-7:3.  However, this description is nothing more than a

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 3*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

generic functional description that mimics certain claim language. REC fails to identify where or how the required "second multi-module program" is found in each pre-installed application or how each program is loaded, mapped, and run on the accused products. This description leaves Defendants to guess how, when, or where the use of any specific pre-installed application infringes, and what components in each pre-installed application REC contends is/are the second multi-module program(s). REC fails to link any specific pre-installed application to the infringement contentions, and there is no basis to open discovery into potentially hundreds of non-party app developers.

Finally, REC's ICs remain deficient because REC attempts to portray its list of accused mobile devices, pre-installed applications, and versions of the Android operating system as merely exemplary. *See* Dkt. # 72-1 in the Lead Case [REC's Infringement Contentions], at App. A, p. 2. REC ignores this deficiency in its Opposition. Providing mere examples of applications, mobile devices, and operating systems violates Local Patent Rule 120(b), and REC should not be permitted to expand its list of allegedly infringing devices, pre-installed applications, or versions of the Android operating system.

**C. REC's Generic Allegations Against 32 Versions of Android Should Be Stricken.**

REC's Opposition does not contest that its ICs include 10 versions of Android that were released *after* the '936 Patent expired in August 2011. This is improper. It is well settled that there can be no infringement for any product or technology released after a patent has expired. *See Kearns v. Chrysler Corp*., 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("Because the rights flowing from a patent exist only for the term of the patent, there can be no infringement once the patent expires."). As a result, REC's infringement allegations as to

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 4*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

1  Android versions 2.2.3, 2.3.6, 2.3.7, 3.2.1, 3.2.2, 3.2.4, 4.0, 4.0.1, 4.0.2, and 4.0.3 should be
2  stricken.

As to the remaining versions of Android, REC fails to explain its basis for contending the accused functionality operates in the same manner across all versions of Android and all Accused Products.  REC suggests it has "directly address[ed]" this issue by citing three paragraphs from its Appendix A.  Dkt. 77 [REC's Opp'n] in the Lead Case at 7:10-21.  However, in each of these three paragraphs, REC fails to provide any basis beyond attorney argument for its contention that the accused functionalities operate in the same manner across different versions of Android.  Indeed, REC admits that it has not reviewed many versions of the Android operating system, suggesting REC may not have performed an adequate pre-filing investigation.

REC's reliance on *Implicit Networks Inc. v. Hewlett-Packard Co.*, No. C 10-03746 SI, 2011 WL 3954809 (N.D. Cal. Sept. 7, 2011) is misplaced.  In *Implicit Networks*, the patent holder provided, in addition to claim charts, "a narrative explanation of how [each] product group infringes[,] support[ing] the narrative with citations to HP manuals and other HP documentation for specific products within that group," and the narratives were "specific for each element of each claim and for each category of HP product."  *Id*. at *2-3.  In this case, REC has not provided any basis for grouping all accused products for all defendants together.  Despite the public availability of Android source code, the code for many Defendants' accused devices, and documentation concerning the operation of Android, REC's ICs do not cite or rely on any of it to support its contention that the accused functionalities operate in the same manner across the different versions of Android.

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 5*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

Finally, REC's off-tangent attack on Defendants' Noninfringement contentions are of no moment as those contentions are not the subject of this motion. REC's allegations are also incorrect because the Defendants' contentions meet the requirements of the rule, not only enumerating the multiple deficiencies in REC's infringement contentions but also identifying the *exact areas* where we disagree with REC.

### III. <u>CONCLUSION</u>

For the reasons set forth above and in the Defendants' Motion to Strike Plaintiff REC Software USA, Inc.'s Infringement Contentions, the Court should strike the remaining Infringement Contentions that REC has not already stricken.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 6*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

Dated this 6th day of February, 2015.

        HILLIS CLARK MARTIN & PETERSON P.S.

By    *s/ Eric D. Lansverk*
     Michael R. Scott, WSBA #12822
     Eric D. Lansverk, WSBA# 17218
     1221 Second Avenue, Suite 500
     Seattle, Washington  98101-2925
     Telephone: (206) 623-1745
     Facsimile: (206) 623-7789
     Email:  michael.scott@hcmp.com;
     eric.lansverk@hcmp.com

FARELLA BRAUN + MARTEL LLP
    James W. Morando (admitted *pro hace vice*)
    Eugene Mar (admitted *pro hace vice*)
    Julia Kropp (admitted *pro hace vice*)
    Farella Braun + Martel LLP
    235 Montgomery Street, 17th Floor
    San Francisco, CA  94104
    Telephone: (415) 954-4400
    Email:  jmorando@fbm.com;
    emar@fbm.com;
    jkropp@fbm.com

*Attorneys for Defendants*
*Dell Inc. and Dell Products L.P.*

*Reply in Support of Defendants' Motion to Strike*
*(2:14-cv-01025-MJP) - 7*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

1  YARMUTH WILSDON PLLC

2  By  s/John H. Jamnback
       John H. Jamnback, WSBA No. 29872
3      818 Stewart Street, Suite 1400
       Seattle, WA  98101
4      Telephone: 206.516.3800
       Facsimile: 206.516.3888
5      Email:   jjamnback@yarmuth.com

6  FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
7      Andrew C. Sonu (*admitted pro hac vice*)
       John Mulcahy (*admitted pro hac vice*)
8      Two Freedom Square
       11955 Freedom Drive
9      Reston, VA  20190
       Telephone:     571.203.2700
10     Facsimile:     202.408.4400
       Email:   andy.sonu@finnegan.com
11     Email:   john.mulcahy@finnegan.com

12     Frank A. DeCosta, III (*admitted pro hac vice*)
       Christopher M. Kurpinski (*admitted pro hac vice*)
13     Forrest A. Jones (*admitted pro hac vice*)
       901 New York Avenue, N.W.
14     Washington, D.C.  20001-4413
       Telephone:     202.408.4000
15     Facsimile:     202.408.4400
       Email:   frank.decosta@finnegan.com
16     Email:   christopher.kurpinski@finnegan.com
       Email:   forrest.jones@finnegan.com

   *Attorneys for Defendants LG Electronics USA, Inc., LG Electronics Mobile Research USA, LLC, and LG Electronics Mobilecomm USA, Inc*

---

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 8*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

| | |
|---|---|
| 1 | PERKINS COIE LLP |
| 2 | By: *s/ Christina J. McCullough* |
| 3 | Ryan J. McBrayer #28338 |
| | Christina J. McCullough #47147 |
| 4 | Kyle M. Amborn #48340 |
| | Perkins Coie LLP |
| 5 | 1201 Third Avenue, Suite 4900 |
| 6 | Seattle, WA  98101-3099 |
| | Telephone: 206.359.8000 |
| 7 | Email:  RMcBrayer@perkinscoie.com; |
| | CMcCullough@perkinscoie.com |
| 8 | KAmborn@perkinscoie.com |

Michael J. Engle (admitted pro hac vice)
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone: 650.838.4300
Email:  MEngle@perkinscoie.com

*Attorneys for Defendant*
MOTOROLA MOBILITY LLC

---

*Reply in Support of Defendants' Motion to Strike*
*(2:14-cv-01025-MJP) - 9*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

1 | KNOBBE, MARTENS, OLSON & BEAR, LLP

2 | By: *s/* Colin B. Heideman
Colin B. Heideman (WSBA 44,873)
KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Email: Colin.heideman@knobbe.com

1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Email: RMcBrayer@perkinscoie.com
CMcCullough@perkinscoie.com
KAmborn@perkinscoie.com

Irfan A. Lateef (SBN 204004)
Kendall M. Loebbaka (SBN 285908)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St. Suite 1400
Irvine, CA 92614

*Attorneys for Defendant HTC AMERICA, INC.*

---

*Reply in Support of Defendants' Motion to Strike*
*(2:14-cv-01025-MJP) - 10*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: *s/ Franklin D. Cordell*
  Franklin D. Cordell
  fcordell@gordontilden.com
  Jeffrey M. Thomas
  jthomas@gordontilden.com
  1001 Fourth Avenue
  Suite 4000
  Seattle, WA 98154

  LEE TRAN & LIANG LLP
  Lauren Sliger
  Lauren.Sliger@ltlattorneys.com
  Roozbeh Gorgin
  Roozbeh.Gorgin@ltlattorneys.com
  601 South Figueroa St., Suite 3900
  Los Angeles, CA 90017

*Attorneys for Defendants Huawei Devices USA, Inc., Huawei Technologies USA, Inc., and Futurewei Technologies, Inc.*

---

*Reply in Support of Defendants' Motion to Strike*
*(2:14-cv-01025-MJP) - 11*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

LANE POWELL PC

By: /s/ Gregory F. Wesner
Gregory F. Wesner, WSBA #30241
Tiffany Scott Connors, WSBA #41740
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Email:wesnerg@lanepowell.com
connorst@lanepowell.com
Telephone:  206-223-7272

James V. Mahon
ANDREWS KURTH LLP
4505 Emperor Blvd, Suite 330
Durham, NC 27703
Email JamesMahon@Andrewskurth.com
Telephone:  919-864-7210

John H. McDowell, Jr.
Benjamin J. Setnick
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Email: johnmcdowell@andrewskurth.com
bensetnick@andrewskurth.com
Telephone:      214-659-4400
Facsimile:      214-915-1434

*Attorneys for Defendants Sony Mobile Communications (USA) Inc.*

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 12*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

DLA PIPER LLP (US)
/s/ Andrew R. Escobar
Stellman Keehnel, WSBA No. 9309
Andrew R. Escobar, WSBA No. 42793
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044
Tel: 206.839.4800
Fax: 206.839.4801
E-mail:  stellman.keehnel@dlapiper.com
 andrew.escobar@dlapiper.com

DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California  94303-2215
Tel: 650.833.2000
Fax: 650.833.2001
Mark Fowler, admitted pro hac vice
Brent Yamashita, admitted pro hac vice
Erik Fuehrer, admitted pro hac vice
Asa Wynn-Grant, admitted pro hac vice
E-mail:  mark.fowler@dlapiper.com
brent.yamashita@dlapiper.com
erik.fuehrer@dlapiper.com
asa.wynngrant@dlapiper.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., Samsung Electronics*
*America, Inc., And Samsung Research America, Inc.*

---

*Reply in Support of Defendants' Motion to Strike*
*(2:14-cv-01025-MJP) - 13*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February, 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Timothy S. DeJong | tdejong@ssbls.com. abuck@ssbls.com |
| Jacob S. Gill | jgill@stollberne.com. jsloan@stollberne.com |
| Robert Alan Shlachter | rschlachter@stollberne.com |
| Derek Linke | linke@newmanlaw.com, docketing@newmanlaw.com,; sarah@newmanlaw.com |
| Keith P. Scully | keith@newmanlaw.com, charlotte@newmanlaw.com, docketing@newmanlaw.com; sarah@newmanlaw.com |
| Kevin L. Russell | kevin@chernofflaw.com, |
| Stellman Keehnel | stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com |
| Jeffrey M. Thomas | jthomas@gordontilden.com, chudson@gordontilden.com |
| Franklin Dennis Cordell | fcordell@gordontilden.com, jlucien@gordontilden.com |
| James W. Morando | JMorando@fbm.com, Calendar@fbm.com, bheuss@fbm.com |
| John H. Jamnback | jjamnback@yarmuth.com, sstephens@yarmuth.com |
| Gregory F. Wesner | wesnerg@lanepowell.com, brownj@lanepowell.com, docketing-sea@lanepowell.com |
| Ryan McBrayer | RMcBrayer@perkinscoie.com, NReynolds@perkinscoie.com, docketsea@perkinscoie.com |

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 14*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

| | | |
|---|---|---|
| 1 | Enoch H. Liang | Enoch.Liang@ltlattorneys.com, Francine.McGinity@ltlattorneys.com |
| 3 | Lauren Sliger | lauren.sliger@ltlattorneys.com, edgar.martinez@ltlattorneys.com |
| 5 | Tiffany Scott Connors | connorst@lanepowell.com, docketing-SEA@lanepowell.com, hooperl@lanepowell.com, sheaffers@lanepowell.com |
| 7 | Andrew Ramiro Escobar | andrew.escobar@dlapiper.com, karen.hansen@dlapiper.com |
| 9 | Asa Wynn-Grant | asa.wynngrant@diapiper.com |
| 10 | Brent Yamashita | brent.yamashiita@dlapiper.com |
| 11 | Julia Donna | Woog jwoog@yarmuth.com, kkennedy@yarmuth.com |
| 12 | Michael J. Engle | MEngle@perkinscoie.com, mheap@perkinscoie.com |
| 13 | Colin Barry Heideman | 2cbh@knobbe.com, colin.heideman@knobbe.com, litigation@knobbe.com |
| 15 | Frank A. DeCosta | frank.decosta@finnegan.com, raymond.smith@finnegan.com, seth.katz@finnegan.com, travis.smith@finnegan.com |
| 18 | Forrest A. Jones | forrest.jones@finnegan.com, raymond.smith@finnegan.com, seth.katz@finnegan.com, travis.smith@finnegan.com |
| 20 | Christopher M. Kurpinski | christopher.kurpinski@finnegan.com, raymond.smith@finnegan.com, seth.katz@finnegan.com, travis.smith@finnegan.com |
| 22 | John Mulcahy | john.mulcahy@finnegan.com |
| 24 | Scott D Stimpson | sstimpson@sillscummis.com |
| 25 | Vincent M. Ferraro | vferraro@sillscummis.com |
| 26 | David C. Lee | dlee@sillscummis.com |
| 28 | Katherine M. Lieb | klieb@sillscummis.com |

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 15*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3

| | | |
|---|---|---|
| 1 | | |
| 2 | Irfan A Lateef | irfan.lateef@knobbe.com, Litigation@knobbe.com |
| 3 | Kendall M Loebbaka | Kendall.Loebbaka@knobbe.com, Litigation@knobbe.com |
| 4 | Christina J McCullough | CMcCullough@perkinscoie.com, |
| 5 | | DocketSEA@perkinscoie.com, ypoletaeva@perkinscoie.com |
| 6 | | |
| 7 | Erik Fuehrer | erik.fuehrer@dlapiper.com, christine.kunis@dlapiper.com |
| 8 | John H. McDowell | johnmcdowell@andrewskurth.com, debbiereese@andrewskurth.com |
| 9 | | |
| 10 | James V. Mahon | jamesmahon@andrewskurth.com |
| 11 | Benjamin J. Setnick | bensetnick@andrewskurth.com, debbiereese@andrewskurth.com |
| 12 | | |
| 13 | Kyle M. Amborn | KAmborn@perkinscoie.com |

DATED this 6th day of February, 2015, at Seattle, Washington.

By   s/Eric D. Lansverk
Eric D. Lansverk, WSBA #17218
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
E-Mail: eric.lansverk@hcmp.com

---

*Reply in Support of Defendants' Motion to Strike (2:14-cv-01025-MJP) - 16*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

30689\4748628.3