UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REC SOFTWARE USA, INC, | CASE NO. C14-1025 MJP |
| Plaintiff, | ORDER ON MOTIONS FOR LEAVE TO AMEND ANSWER |
| v. | |
| HTC AMERICA, INC, | |
| Defendant. | |

THIS MATTER comes before the Court on Motions for Leave to Amend Answer filed
by Defendants in the following cases:

1. REC Software USA, INC. v. LG Electronics, INC., et. al. (Case No. 14-1053-MJP, Dkt. No. 49.)  This motion has also been filed in the lead case.  (Case No. 14-1025-MJP, Dkt. No. 61.)

2. REC Software USA, INC. v. Motorola Mobility, LLC.  (Case No. 14-1056-MJP, Dkt. No. 42.)  This motion has also been filed in the lead case.  (Case No. 14-1025-MJP, Dkt. No. 62.)

3. REC Software USA, INC. v. Dell, INC., et. al. (Case No. 14-1048-MJP, Dkt. No. 44.)

ORDER ON MOTIONS FOR LEAVE TO AMEND
ANSWER- 1

4.  REC Software USA, INC. v. Sony Mobile Communications (USA), Inc.  (Case No. 14-1060-MJP, Dkt. No. 41.)

Having reviewed the motions, Plaintiff REC Software USA, Inc.'s response, (Case No. 14-1025-MJP, Dkt. No. 73), and the related record, the Court hereby DENIES the motions.

### Background

Defendants LG Electronics USA, Inc., LG Electronics Mobile Research USA, LLC, and LG Electronics Mobilecomm USA, Inc. (collectively, "LG Defendants") request leave to amend their answer to include: (1) the affirmative defense of patent misuse; (2) the affirmative defense of inequitable conduct; (3) a counterclaim for declaratory judgment of noninfringment; and (4) a counterclaim for declaratory judgment of invalidity.  (Case No. 14-1025-MJP, Dkt. No. 65-1.)

Defendant Motorola Mobility LLC ("Motorola") requests leave to amend its answer to include: (1) the affirmative defense of patent misuse; (2) the affirmative defense of inequitable conduct; and (3) a counterclaim for declaration of unenforceability.  (Case No. 14-1025-MJP, Dkt. No. 62-1.)

Defendants Dell Inc. and Dell Products L.P. (collectively, "Dell") request leave to amend their answer to include: (1) the affirmative defense of inequitable conduct; and (2) a counterclaim for declaration of unenforceability.  (Case No. 14-1048-MJP, Dkt. No. 44-1.)

Defendant Sony Mobile Communications (USA) Inc. ("Sony") requests leave to amend its answer to include: (1) the affirmative defense of patent misuse; (2) the affirmative defense of inequitable conduct; and (3) a counterclaim for declaration of unenforceability.  (Case No. 14-1060-MJP, Dkt. No. 41.)

Plaintiff REC Software opposes Defendants' motions arguing: (1) the proposed amendments would be futile; and (2) the proposed counterclaims and affirmative defenses are duplicative.  (Case No. 14-1025-MJP, Dkt. No. 73 at 2-3.)

**Discussion**

**A.  Legal Standard Motion for Leave to Amend**

Federal Rule of Civil Procedure 15 provides leave to amend should be granted freely "when justice so requires."  Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is appropriate, the district court should consider the presence of bad faith, undue delay, prejudice to the opposing party, and/or futility. Owens v. Kaiser Found. Health Plan, 244 F.3d 708, 712 (9th Cir. 2001).

**B.  Futility of Amendments**

**1.   Patent Misuse**

Plaintiff argues there is no basis for a defense or counterclaim of patent misuse because an affirmative defense or counterclaim of patent misuse may not be based on infringement or damages positions asserted in litigation. (Case No. 14-1025-MJP, Dkt. No. 73 at 9.)  The Court agrees with Plaintiff.

Along with its infringement contentions, Plaintiff served a list of Defendants' products that Plaintiff alleges infringe its patent.  (See e.g. Case No. 14-1025-MJP, Dkt. No. 61 at 2-3.) Defendants contend many of these products "were developed and/or sold in the United States after the expiration of the '936 patent." (Id.)  Defendants argue Plaintiff is "attempting to extend the term of its patent by seeking post-expiration royalties by asserting infringement against one or more [sic] Defendants' products and systems that were sold and/or released after the '936 Patent expired . . ." (Id.)  On that basis, Defendants request leave to amend their answers to assert the affirmative defense of patent misuse and/or counterclaims based on a theory of patent misuse.  (Id.)

Patent misuse usually applies where a patentee seeks to impermissibly extend the monopoly grant of a patent.  U.S. Philips Corp. v. Int'l Trade Comm'n, 424 F.3d 1179, 1184-85

1 (Fed. Cir. 2005).  The Federal Circuit has held that certain activities constitute per se patent

2 misuse, such as when a patentee attempts to extend the term of the patent by contractually

3 requiring payment of post-expiration royalties.  Virginia Panel Corp. v. MAC Panel Co., 133

4 F.3d 860, 869 (Fed. Cir. 1997).  But other activities have been excluded from the doctrine of

5 patent misuse.  For example, Congress has declared that a patent owner may seek "to enforce his

6 patent rights against infringement or contributory infringement" without being guilty of patent

7 misuse or illegal extension of the patent right.  35 U.S.C. §271(d)(3).

8      Defendants' allegations that Plaintiff is seeking to impermissibly extend its patent term

9 are based on Plaintiff's position in this litigation.  (See Case No. 10-1425-MJP, Dkt. No. 62 at 2-

10 3); (see also Case No. 14-1025-MJP, Dkt. No. 61 at 2-3).  Because the safe harbor provision at

11 15 U.S.C. §271(d)(3) protects Plaintiff from liability for patent misuse for asserting its rights in

12 litigation, the Court DENIES Defendants' request for leave to amend their answers to include the

13 affirmative defense of patent misuse and/or any counterclaims based on a theory of patent

14 misuse.

15      **2.  Inequitable Conduct**

16      Defendants request leave to amend their answers to assert the affirmative defense of

17 inequitable conduct and counterclaims based on a theory of inequitable conduct because they

18 contend the alleged inventor of the claimed technology, Mr. Stephen Pickett, sold and/or publicly

19 used the claimed technology in the United States before the critical date and deliberately failed to

20 disclose these facts to the Patent and Trademark Office ("PTO").  (See e.g. Case No. 14-1025-

21 MJP, Dkt. No. 65-1 at 7-11); see also 35 U.S.C. §102(b).

22      Plaintiff argues Defendants' allegations regarding inequitable conduct are insufficient for

23 three reasons: (1) Defendants make their allegations "upon information and belief;" (2)

24 Defendants have alleged no facts that show it is plausible that claimed technology was on sale in

ORDER ON MOTIONS FOR LEAVE TO AMEND
ANSWER- 4

1  the United States prior to the critical date; and (3) Defendants have alleged no facts that show it

2  is plausible that the claimed technology was publicly used in the United States prior to the

3  critical date.  (Case No. 14-1025-MJP, Dkt. No. 73 at 11-17.)

4          "To prevail on the defense of inequitable conduct, the accused infringer must prove that

5  the applicant misrepresented or omitted material information with the specific intent to deceive

6  the PTO."  Theransense, Inc. v. Becton, Dickinson, and Co., 649 F.3d 1276, 1287 (Fed. Cir.

7  2011).  "Inequitable conduct, while a broader concept than fraud, must be pled with particularity

8  under Rule 9(b)."  Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009)

9  (quotations and citations omitted).  "[I]n pleading inequitable conduct in patent cases, Rule 9(b)

10  requires identification of the specific who, what, when, where, and how of the material

11  misrepresentation or omission committed before the PTO."  Id. at 1327.  "Pleading on

12  'information and belief' is permitted under Rule 9(b) when essential information lies uniquely

13  within the other party's control, but only if the pleading sets forth the specific facts upon which

14  the belief is reasonably based."  Id. at 1330.

15          Defendants fail to allege with the requisite level of specificity facts that show it is

16  plausible the claimed technology was on sale or offered for sale in the United States prior to the

17  critical date.  Defendants allege Mr. Pickett was the owner of REC Software ("REC CA"), a

18  Canadian company, with a presence in the United States.  (Case No. 14-1025-MJP, Dkt. No. 65-

19  1 at 7.)  They allege REC CA entered into a contract to provide Credit du Nord ("CDN"), a

20  financial institution operating out of Paris, with PBS—an OS/2 hosted p-System—prior to the

21  critical date.  (Id. at 8.)  Defendants further allege that Mr. Pickett wrote an email to CDN

22  employee Jean Buet on July 31, 1990 stating "we have brought the protected mode system [PBS]

23  to an advanced state of readiness [sic] suitable for you to see during your trip to USA next

24

ORDER ON MOTIONS FOR LEAVE TO AMEND
ANSWER- 5

1   month." (Id. at 10.)  These facts at most show it is plausible that a Canadian company and a

2   French company entered into a contract.  They do not show the claimed technology was on sale

3   or offered for sale in the United States prior to the critical date.

4         Likewise, Defendants fail to allege with the requisite level of specificity facts that show it

5   is plausible that the claimed technology was publicly used in the United States prior to the

6   critical date.  Defendants allege Mr. Pickett, through REC CA, "hired Mark Nicholson, a U.S.

7   based computer programmer and former employee of CDN, to assist with the debugging and

8   development of the PBS code server prototype in early 1990." (Id. at 9.)  They also allege "REC

9   CA did not enter into a non-disclosure agreement with either Mr. Nicholson or any company for

10   which Mr. Nicholson worked during this time" and that "Mr. Pickett did not take any steps to

11   ensure the confidentiality of the PBS code server prototype with Mr. Nicholson." (Id.)

12   Defendants further allege "Mr. Nicholson [] himself used the PBS source code to run the PBS

13   prototype in the United States." (Id. at 10.)

14         Defendants argue these facts show Mr. Pickett deliberately, and with intent to deceive,

15   failed to disclose to the PTO the existence of the PBS source code or that it "was disclosed to

16   and used commercially by at least Mr. Nicholson in the United States" prior to the critical date.

17   (Id.)  The Court disagrees.  Defendants' contention that disclosure of the claimed technology to

18   Mr. Nicholson without a confidentiality agreement was public use fails because they have not

19   alleged facts that show it is plausible that such disclosure was anything more than permissible,

20   experimental use.  See Honeywell Int'l Inc. v. Universal Avionics Sys. Corp., 488 F.3d 982, 998

21   (Fed. Cir. 2007) ("In explaining the difference between 'experimental' use and 'commercial' or

22   'public use,' the Supreme Court noted that 'a bona fide effort to bring [the] invention to

23   perfection, or to ascertain whether it will answer the purpose intended' does not constitute a

24

1    'public use.'")  Likewise, Defendants' contention that Mr. Nicholson used the claimed

2    technology publicly fails because they have not alleged facts that show this is plausible.

3    Defendants' allegations that Mr. Pickett did not enter into a non-disclosure agreement with Mr.

4    Nicholson or take any steps to ensure the confidentiality of the PBS code server prototype with

5    him, alone, are insufficient to show it is plausible that Mr. Nicholson made public use of the

6    claimed technology.  (Case No. 14-1025-MJP, Dkt. No. 65-1 at 9.)  Likewise, Defendants'

7    allegation that Mr. Nicholson "used the PBS source code to run the PBS prototype in the United

8    States," alone, does not show it is plausible that Mr. Nicholson made public use of the claimed

9    technology, because Defendants have also alleged Mr. Pickett engaged Mr. Nicholson to assist

10   him in debugging the prototype and that Mr. Nicholson lived in the United States at the time he

11   was hired by Mr. Pickett.  (Id. at 10.)

12        Based on the above-mentioned facts, the Court also cannot draw the inference that it is

13   plausible that Mr. Pickett acted with the specific intent to deceive the PTO.

14        Because Defendants fail to allege with the requisite level of specificity facts that show it

15   is plausible that Mr. Pickett sold and/or publicly used the claimed technology in the United

16   States before the critical date and deliberately failed to disclose these facts to the PTO, the Court

17   DENIES Defendants' request for leave to amend their answers to include the affirmative defense

18   of inequitable conduct and/or any counterclaims based on a theory of inequitable conduct.

19   **C. Counterclaims**

20        Plaintiff argues Defendants' proposed counterclaims serve no useful purpose because

21   they are entirely duplicative of the proposed affirmative defenses.  (Case No. 14-1025-MJP, Dkt.

22   No. 73 at 7-8.)  Because it has denied Defendants' request for leave to amend their answers to

23   include the affirmative defenses of patent misuse and inequitable conduct and any counterclaims

24   based on the same theories, the Court does not reach this argument.

**D. Huawei's Request for Stipulation**

The parties make additional arguments in their briefing regarding Defendant Huawei's Motion for Leave to File First Amended Answer.  (See e.g. Case No. 14-1025-MJP, Dkt. No. 73 at 17.)  Because the Huawei case, Case No. 14-1050-MJP, has been dismissed, the Court need not reach these arguments.

**E. LG Defendants' Counterclaims**

The LG Defendants request leave to amend their answers to include a counterclaim for declaratory judgment of noninfringment and a counterclaim for declaratory judgment of invalidity.  (Case No. 14-1025-MJP, Dkt. No. 65-1.)  The LG Defendants assert the affirmative defenses of invalidity and noninfringment in their answer. (Case No. 14-1053-MJP, Dkt. No. 29 at 4.)  Because the proposed counterclaims incorporate by reference the LG Defendants' factual allegations regarding inequitable conduct and because they are duplicative of the LG Defendants' affirmative defenses, the Court DENIES the LG Defendants' request for leave to amend their answer to include the proposed counterclaims.

<u>Conclusion</u>

The Court DENIES Defendants' Motions for Leave to Amend Answer.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 25th day of March, 2015.

Marsha J. Pechman
United States District Judge

ORDER ON MOTIONS FOR LEAVE TO AMEND
ANSWER- 8