UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REC SOFTWARE USA, INC, <br><br> Plaintiff, <br><br> v. <br><br> HTC AMERICA, INC, et al. <br><br> Defendants. | CASE NO. C14-1025 MJP <br><br> ORDER GRANTING IN PART DEFENDANTS' MOTION TO STRIKE AND ORDERING PLAINTIFF TO AMEND INFRINGEMENT CONTENTIONS |

THIS MATTER comes before the Court on Defendants' Motion to Strike Plaintiff's Infringement Contentions, (Dkt. No. 71.) Having reviewed the motion, Plaintiff's response, (Dkt. No. 77), and the related record, the Court hereby GRANTS in part Defendants' motion and ORDERS Plaintiff to provide Defendant Motorola Mobility, LLC (Case No. 14-1056-MJP) with amended infringement contentions curing the deficiencies outlined in this Order within fourteen (14) days of the date of entry of this Order. The Court ORDERS Plaintiff to provide the LG Defendants (Case No. 14-1053-MJP) with amended infringement contentions on or by May 7, 2015.

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO STRIKE AND ORDERING
PLAINTIFF TO AMEND INFRINGEMENT
CONTENTIONS- 1

## Background

Defendants move to strike Plaintiff's infringement contentions arguing: (1) infringement of method claims based on making, offering to sell, selling and importing accused devices should be stricken as a matter of law; and (2) that Plaintiff's infringement contentions do not satisfy the Local Patent Rules. (Dkt. No. 71 at 6-12.) Plaintiff has filed a partial opposition to Defendants' motion. (Dkt. No. 77.)

## Discussion/Analysis

### A. Infringement Based Upon Making, Offering to Sell, Selling, and Importing Accused Devices

Defendants argue that because direct infringement of a patented method is limited to the actual performance of the steps of the claimed method, the Court should strike the portion of Plaintiff's infringement contentions that allege infringement by making, selling, offering to sell, or importing the accused devices. (Dkt. No. 71 at 6) (citing Ericsson, Inc. v. D-Link Systems, Inc., 773 F.3d 1201, 1222 (Fed. Cir. 2014) (" . . . none of our decisions have found direct infringement of a method claim by sales of an end user product which performs the entire method.") In response to Defendants' argument, Plaintiff states that it "withdraws all contentions of infringement based upon making, offering to sell, selling and importing the accused devices." (Dkt. No. 77 at 3.) Because Plaintiff does not oppose Defendants' argument, the Court GRANTS Defendants' motion to strike all infringement contentions based upon making, offering to sell, selling and importing the accused devices.

### B. Sufficiency of Infringement Contentions

Defendants raise the following arguments regarding the sufficiency of Plaintiff's infringement contentions: (1) Plaintiff has not provided a chart identifying where each element of each asserted claim is found within each accused device as is required by the Local Patent

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO STRIKE AND ORDERING
PLAINTIFF TO AMEND INFRINGEMENT
CONTENTIONS- 2

Rules; (2) Plaintiff fails to identify how any of the pre-installed applications found in the accused devices satisfy a claim limitation; (3) Plaintiff improperly attempts to reserve the right to amend its infringement contentions; (4) Plaintiff's generic allegations against Android are insufficient; and (5) Plaintiff served Defendants with over one million pages in Appendix C to its infringement contentions without linking these pages to any claim-by-claim analysis. (Dkt. No. 71 at 9-12.)

Defendants argue Plaintiff fails to provide a chart "identifying specifically where each element of each Asserted Claim is found within each Accused Device . . ." as is required by the Local Patent Rules. (Id. at 9) (citing Local Patent Rule 120(c).) Defendants further argue that although Plaintiff alleges certain "pre-installed applications" found in the accused devices satisfy the elements of the asserted method claim, Plaintiff does not explain anywhere in its infringement contentions how any pre-installed applications satisfy a claim limitation. (Id.) The Court agrees with Defendants. Plaintiff argues Appendix A to its infringement contentions provides the required element-by-element analysis. (Dkt. No. 77 at 4-5.) But Plaintiff does not show where each element of each asserted claim is found in each accused device in Appendix A. (See e.g. Dkt. No. 72-1.) Plaintiff does not cure this deficiency by pointing to the list of accused devices it has provided to Defendants in Appendix B to its infringement contentions. (See e.g. Dkt. No. 79-1.)

Likewise, Plaintiff fails to explain how any of the pre-installed applications practice the limitations of the asserted method claims. Plaintiff argues it has sufficiently explained how the pre-installed applications practice the limitations of the asserted claims, citing to the following language in its infringement contentions: "the claimed 'second multi-module program' is the program that the operating system is attempting to load or 'map' and run, whereas the first

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO STRIKE AND ORDERING
PLAINTIFF TO AMEND INFRINGEMENT
CONTENTIONS- 3

1  program is comprised of components of the operating system itself (including portions of the
2  Dalvik VM) that are working to load or 'map' and run the second multi-module program." (Dkt.
3  No. 77 at 6-7.) This generic description is insufficient because it does not identify where the
4  second multi-module program is found in each pre-installed application or how each program is
5  loaded or mapped and run on the accused products. For the foregoing reasons, the Court finds
6  Plaintiff's infringement contentions are deficient under the Local Patent Rules.

7  Defendants then argue that Plaintiff improperly attempts to reserve the right to amend its
8  infringement contentions to include other applications or phones and/or tablets. (Dkt. No. 71 at
9  9-10); (see e.g. Dkt. No. 72-1 at 9 ("the listed phones and/or tablets are intended to be merely
10 exemplary, and other phones and/or tablets are intended to be included within the scope of these
11 infringement contentions to the extent applicable").) Defendants argue this is "inconsistent with
12 the requirements of the Local Patent Rules which require identification of each Accused Device .
13 . ." (Dkt. No. 71 at 10.) But the Local Patent Rules allow a party to amend its infringement
14 contentions for good cause shown. See Local Patent Rule 116 (listing non-exhaustive
15 circumstances which support a finding of good cause). The Court finds no error in this portion
16 of Plaintiff's infringement contentions.

17 Defendants argue Plaintiff's allegations regarding Android are insufficient for two
18 reasons: (1) Plaintiff's infringement contentions fail to provide any analysis of how the accused
19 functionality operates in the same manner across all 32 versions of Android; and (2) Plaintiff's
20 infringement contentions improperly include ten versions of Android that were released after the
21 '936 Patent expired. (Dkt. No. 71 at 11-12.) As to Defendants' first argument, the Court finds
22 Plaintiff has provided sufficient explanation as to why it believes the accused functionality
23 operates in the same manner across the different versions of Android. (See e.g. Dkt. No. 72-1 at

24 ORDER GRANTING IN PART DEFENDANTS'
MOTION TO STRIKE AND ORDERING
PLAINTIFF TO AMEND INFRINGEMENT
CONTENTIONS- 4

18.) ("Versions 1.5 to 2.3.7 and 4.0 to 4.0.3 of the Android system do not differ from one another in any way material to these infringement contentions. Although different versions of the Android system may include small changes to the code language, the operations of the Android system code relevant to these infringement contentions does not differ amongst these versions.") Plaintiff does not respond to Defendants' argument regarding the ten later-released versions of Android. (Dkt. No. 77.) Further, the Court cannot determine, based on the documentation submitted by the Parties, why these ten later-released versions of Android are included in Plaintiff's infringement allegations. The Court finds Plaintiff's infringement contentions are deficient in this respect.

Finally, Defendants argue that Plaintiff improperly "dumped 1.3 million pages and files in an Appendix C to the [infringement contentions] . . .without linking these pages and files to its purported claim-by-claim analysis." (Dkt. No. 71 at 10-11.) In its opposition brief, Plaintiff explains "[t]he default Android Operating System, including the Dalvik VM, for version of the Android system is provided in Appendix C produced herewith." (Dkt. No. 77 at 5.) The Court finds Plaintiff's infringement contentions are deficient because this statement does not explain which portion or portions of Appendix C support Plaintiff's infringement theories or how any portion of Appendix C relates to a particular accused device.

Plaintiff requests leave to amend its infringement contentions in the event the Court finds they are deficient in any respect. (Dkt. No. 77 at 8.) The Court GRANTS Plaintiff leave to amend its infringement contentions to cure the deficiencies outlined in this Order. Of the Defendants that brought this motion, only Defendant Motorola Mobility, LLC (Member Case No. 14-1056-MJP) and the LG Defendants (Member Case No. 14-1053-MJP) remain in this matter. On April 10, 2015, the Court entered an Order staying the LG Defendants' case until

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO STRIKE AND ORDERING
PLAINTIFF TO AMEND INFRINGEMENT
CONTENTIONS- 5

April 23, 2015.  (Member Case No. 14-1053-MJP Dkt. No. 72.)  Therefore, the Court ORDERS Plaintiff to serve Defendant Motorola Mobility, LLC with amended infringement contentions within fourteen (14) days of the date of entry of this Order.  Because of the stay in place in the LG Defendants' case, the Court ORDERS Plaintiff to provide the LG Defendants with amended infringement contentions within fourteen (14) days of the lifting of the stay, on or before May 7, 2015.

### Conclusion

The Court GRANTS in part Defendants' motion and ORDERS Plaintiff to provide Defendant Motorola Mobility, LLC (Case No. 14-1056-MJP) with amended infringement contentions curing the deficiencies outlined in this Order within fourteen (14) days of the date of entry of this Order.  The Court ORDERS Plaintiff to provide the LG Defendants (Case No. 14-1053-MJP) with amended infringement contentions on or by May 7, 2015.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 10th day of April, 2015.

Marsha J. Pechman
United States District Judge